1   Peter Rukin State Bar No. 178336
    John Hyland State Bar No. 178875
2   RUKIN HYLAND & DORIA LLP
    100 Pine Street, Suite 725
3   San Francisco, CA 94111
    Telephone: (415) 421-1800
4   Facsimile: (415) 421-1700

5   Donald H. Nichols, MN State Bar No. 78918
    (*pro hac vice* application forthcoming)
6   Paul J. Lukas, MN State Bar No. 22084X
    (*pro hac vice* application forthcoming)
7   Rachhana T. Srey, MN State Bar No. 340133
    (*pro hac vice* application forthcoming)
8   NICHOLS KASTER & ANDERSON, PLLP
    4600 IDS Center
9   80 South Eighth Street
    Minneapolis, MN 55402
10  Telephone: (612) 256-3200
    Facsimile: (612) 215-6870
11
    Attorneys for Individual and Representative Plaintiffs
12
                 IN THE UNITED STATES DISTRICT COURT
13               NORTHERN DISTRICT OF CALIFORNIA
14
    Richard Castle and Jonathan Shaver, on        CASE NO.
15  behalf of themselves and classes of those
    similarly situated,                           COMPLAINT FOR DAMAGES,
16                                                 RESTITUTION AND INJUNCTIVE
                                                   RELIEF
17                            Plaintiffs,
                                                   (1) Violation of Fair Labor Standards Act
18       vs.                                           29 U.S.C. Section 207
19                                                 (2) Violation of California Labor Code
                                                       Sections 510, 1194, and 1198, and IWC
20                                                     Wage Order(s)
    Wells Fargo Financial, Inc. d/b/a Wells
21  Fargo Financial and Wells Fargo               (3) Waiting Time Penalties (California
    Financial Acceptance, and DOES 1-50,              Labor Code Sections 201-203)
22
                              Defendants.         (4) Failure to Provide Itemized Wage
23                                                     Statements (California Labor Code
                                                       Section 226)
24
                                                   (5) Failure to Provide and/or Authorize
25                                                     Meal and Rest Periods
26                                                 (6) Violation of California Business and
                                                       Professions Code Sections 17200 et seq.
27
                                                   DEMAND FOR JURY TRIAL
28

ORIGINAL
FILED

JUL 17 2006

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

4347

EMC

## PRELIMINARY STATEMENT

1.     This is a collective and class action brought by Individual and Representative Plaintiffs Richard Castle and Jonathan Shaver (collectively "Plaintiffs"), on their own behalf and on behalf of the proposed classes identified below.  Plaintiffs and the putative class members were or are employed by Defendant Wells Fargo Financial, Inc. d/b/a Wells Fargo Financial and Wells Fargo Financial Acceptance, and certain Doe Defendants, or their predecessors-in-interest, as "credit managers" and "assistant managers."  As credit managers and assistant managers, Plaintiffs and the putative class members are or were covered, non-exempt employees under federal and state wage and hour laws and entitled to overtime pay consistent with the requirements of these laws.  These employees are similarly situated under the Federal Rules of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2.     The Collective Class is made of all persons who are or have been employed by Defendant as a credit manager or assistant manager and at any time within the United States within three years prior to this action's filing date through the date of final disposition of this action (the "Collective Class Period").

3.     The Class is made up of all persons who are or have been employed by Defendant as credit managers or assistant managers in the State of California within the period four years prior to the filing date of this Complaint ("the Class Period").

4.     During the Collective Class Period and the Class Period, Defendant failed to pay appropriate overtime compensation to each member of the Collective Class and Class as required by federal and state law.  Plaintiffs seek relief for the Class pursuant to the applicable provisions of the California Labor Code and applicable Wage Orders of the Industrial Welfare Commission ("IWC"), and Collective Class under the Fair Labor Standards Act, to remedy the Defendant's failure to pay all wages due, pay appropriate overtime compensation, to provide or authorize meal and rest periods, to pay waiting time penalties, and maintain accurate time records, in addition to injunctive relief.

## THE PARTIES

1      5.      Individual and representative Plaintiff Richard Castle resides in Contra Costa

2   County, California. He was employed by Defendant from approximately June 2004 to December

3   2004 as a credit manager working in Alameda County, California. Plaintiff Castle is a member of

4   the Collective Class and Class.

5

6      6.      Individual and representative Plaintiff Jonathan Shaver resides in New Orleans,

7   Louisiana. He was employed by Defendant from approximately June 2002 to August 2003 as a

8   credit manager working in New Orleans, Louisiana. Additionally, Plaintiff Shaver was employed

9   by Defendant as an assistant manager working in Marrero, Louisiana from approximately

10   September 2003 to October 2003. Plaintiff Shaver is a member of the Collective Class.

11

12      7.      Upon information and belief, Defendant Wells Fargo Financial, Inc. d/b/a Wells

13   Fargo Financial and Wells Fargo Financial Acceptance are companies doing business in and

14   maintaining branches in several states throughout the United States, including a facility in

15   Alameda County, California.

16      8.      Defendants Does 1-50, inclusive, are sued herein under fictitious names. Their

17   true names and capacities are unknown to Plaintiffs. When their true names and capacities are

18   ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities

19   herein. Plaintiffs are informed and believe and thereon allege that each of the fictitiously-named

20   Defendants is responsible in some manner for the occurrences herein alleged, and that the

21   damages of Plaintiffs and the putative class members herein alleged were proximately caused by

22   such Defendants.

23      9.      Plaintiffs are informed, believe, and thereon allege that each of the Defendants

24   herein was, at all times relevant to this action, the agent, employee, representative partner, and/or

25   joint venturer of the remaining Defendants and was acting within the course and scope of the

26   relationship. Plaintiffs are further informed, believe, and thereon allege that each of the

27   Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining

28   Defendants.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 as this case is being brought under the FLSA, 29 U.S.C. § 207 *et seq.* Each representative Plaintiff has signed a consent form to join this lawsuit, copies of which are attached as Exhibit A. This Court also has supplemental jurisdiction over Plaintiffs Castle's state law claims pursuant to 28 U.S.C. § 1367.

11. Venue is proper in the United States District Court, Northern District of California pursuant to 28 U.S.C. § 1391, because Defendant operates a facility in Alameda County, California and because a substantial part of the events giving rise to the claims occurred in this district.

12. Pursuant to Civil L.R. 3-2(c) and (d), this action is properly assigned to the Northern District of California because a substantial portion of the events giving rise to this dispute occurred in Alameda County, California.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

**Collective Class:** All persons who are or have been employed by Defendant as a credit manager or assistant manager within the United States at any time three years prior to the filing of this Complaint, to the final disposition of this case.

14. Upon information and belief, Defendant suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

15. Defendant's unlawful conduct has been widespread, repeated, and consistent.

16. Upon information and belief, Defendant knew that Plaintiffs and the Collective Class, performed work that required overtime pay. Defendant has operated under a scheme to deprive these employees of appropriate overtime compensation by failing to properly compensate them for all hours worked.

17. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs, and the Collective Class.

18. Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## CLASS ALLEGATIONS

19. Plaintiff Castle brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

> **Proposed Class:**   All employees of Defendant who were, are, or will be employed in the State of California as a credit manager or assistant manager at any time within four years of the filing of this Complaint until the final disposition of this case.

20. <u>Numerosity</u>:   The Proposed Class is so numerous that joinder of all members is impracticable.   Plaintiff is informed and believes, and on that basis alleges, that during the relevant time period, Defendant employed hundreds of people who satisfy the definition of the Proposed Class.

21. <u>Typicality</u>:   Plaintiff's claims are typical of the members of the Proposed Class. Plaintiff is informed and believes that, like other credit managers and assistant managers, he routinely worked more than eight hours per day and more than 40 hours per week during the Class Period. Plaintiff had the same duties and responsibilities as other Class members and was subject to Defendant's policy and practice of improperly failing to pay appropriate overtime compensation for all hours worked, failing to provide or authorize meal and rest breaks in compliance with California law, and failing to maintain accurate time records of hours worked by the Proposed Class or to issue accurate itemized wage statements to these individuals.

COLLECTIVE AND CLASS ACTION COMPLAINT

22. **Superiority**: A class action is superior to other available methods of the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate Defendant.

23. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the Proposed Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

24. **Commonality**: Common questions of law and fact exist to all members of the Proposed Class and predominate over any questions solely affecting individual members of the Proposed Class, including but not limited to:

A. Whether Defendant unlawfully failed to pay appropriate overtime compensation to members of the Proposed Class in violation of the California Labor Code sections 510 and 1194, IWC Wage Order No. 4 (8 C.C.R. section 1140 as amended throughout the Class Period), and the FLSA;

B. Whether Defendant employed Plaintiff and the Proposed Class within the meaning of the California law;

C. Whether Plaintiff and the Proposed Class members who are no longer employed with Defendant are entitled to waiting time penalties pursuant to California Labor Code sections 201-203;

D. Whether Defendant's policies and practices provide and/or authorize meal and rest periods in compliance with California law;

E. Whether Defendant failed to keep accurate time records for all hours worked by Plaintiff and the Proposed Class in violation of FLSA, 29 U.S.C. § 201 et seq.;

F. Whether Defendant provided adequate itemized wage statements to Plaintiff and the Class pursuant to Labor Code section 226;

G.    Whether Defendant's conduct violated the California Unfair Practices Act set forth in the Business and Professions Code sections 17200 *et seq.* by violating state and federal law as set forth herein;

H.    The proper measure of damages sustained by the Proposed Class; and

I.    Whether Defendant's actions were "willful."

25.    This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(l) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual member's claim as separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

26.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed Class predominate over any questions affecting only individual members of the Proposed Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the Proposed Class the overtime pay to which they are entitled. The damages suffered by the individual Proposed Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

27.    Plaintiff intends to send notice to all members of the Proposed Class to the extent required by Rule 23. The names and address of the Proposed Class are available from Defendant.

## FIRST CLAIM FOR RELIEF

**(Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act)**

28.    Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

29.    Plaintiffs consent in writing to be a party of this action, pursuant to 29 U.S.C. §

1   216(b). Plaintiffs written consent forms are attached hereto. Also attached are the written

2   consent forms of additional similarly situated individuals who wish to join this case as opt-in

3   plaintiffs. Plaintiffs anticipate that as this case proceeds, other individuals will sign consent

4   forms and join as plaintiffs.

5       30.    At all relevant times, Defendant has been, and continues to be, an "employer"

6   engaged in interstate commerce and/or in the production of goods for commerce, within the

7   meaning of the FLSA, 20 U.S.C. § 203. At all relevant times, Defendant has employed and

8   continues to employ employees, including Plaintiffs, and the Collective Class. At all relevant

9   times, upon information and belief Defendant has had gross operating revenues in excess of

10  $500,000.00.

11      31.    The FLSA requires each covered employer such as Defendant to compensate all

12  non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for

13  work performed in excess of forty hours per work week.

14      32.    During their employment with Defendant, within the applicable statute of

15  limitations, Plaintiffs and the other Collective Class members worked in excess of forty hours per

16  workweek. Despite the hours worked by Plaintiffs and the Collective Class members, Defendant

17  willfully, in bad faith, and in knowing violation of the Federal Fair Labor Standards Act, failed

18  and refused to pay them the appropriate overtime compensation for all the hours worked in excess

19  of forty.

20      33.    By failing to accurately record, report, and/or preserve records of hours worked by

21  Plaintiffs and the Collective Class, Defendant has failed to make, keep, and preserve records with

22  respect to each of its employees sufficient to determine their wages, hours, and other conditions

23  and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

24      34.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA,

25  within the meaning of 29 U.S.C. § 255(a).

26      35.    Plaintiffs, on behalf of themselves and the Collective Class, seek damages in the

27  amount of their respective unpaid overtime compensation, liquidated damages from three years

28

-8-

COLLECTIVE AND CLASS ACTION COMPLAINT

1   immediately preceding the filing of this action, plus interests and costs as allowed by law,

2   pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court

3   deems just and proper.

4

5   36.     Plaintiffs, on behalf of themselves and the Collective Class, seek recovery of their

6   attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

7                                    **SECOND CLAIM FOR RELIEF**

8                 **(Failure to Pay Overtime Compensation in Violation of California Law)**

9   37.     Plaintiff Castle alleges and incorporates by reference the allegations in the

10  preceding paragraphs.

11  38.     At all relevant times herein, IWC Wage Order No. 4 (8 C.C.R. § 11040) and

12  California Labor Code §510 required an employer, such as Defendant, to pay overtime

13  premium(s) for hours worked in excess of 8 in a given workday, 40 in a given workweek, or on

14  the seventh day worked in a single workweek.  Pursuant to California Labor Code § 1198, it is

15  unlawful to employ persons for hours longer than the hours set by the Industrial Welfare

16  Commission ("IWC"), or under conditions prohibited by the applicable wage orders of the IWC.

17  39.     Plaintiff is informed and believes, and thereon alleges, that members of the Class

18  worked in excess of eight hours per day and in excess of 40 hours per week, and Defendant

19  unlawfully failed to pay members of the Class the proper overtime compensation required in

20  violation of IWC Wage Order 4 (8 C.C.R. § 11040, as amended during the Class Period), and the

21  California Labor Code §§ 510 and 1198.  Pursuant to California Labor Code § 1194, Plaintiff and

22  the other Class members are entitled to recover their unpaid overtime compensation.

23  40.     As a direct and proximate result of Defendant's unlawful conduct, as set forth

24  herein, Plaintiff and the Class have sustained damages, including loss of earnings for hours of

25  overtime worked on behalf of Defendant in an amount to be established at trial, plus interest,

26  attorneys' fees and costs.

27

28

**THIRD CLAIM FOR RELIEF**

**(Waiting Time Penalties)**

41.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

42.     During the relevant time period, many Class members were employed by and thereafter terminated by or resigned from their positions with Defendant. Defendant, however, willfully failed to pay such Class members all wages owed them (including overtime wages) within the time limits set forth in California Labor Code sections 201 and 202.

43.     Under Labor Code sections 201, 202, and 203, those Class members who no longer work for Defendant are entitled to waiting time penalties for Defendants willful failure to timely pay all wages owed upon separation of their employment.

**FOURTH CLAIM FOR RELIEF**

**(Failure to Provide Accurate Itemized Wage Statements)**

44.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

45.     California Labor Code § 226(a) provides that, at the time of each payment of wages, an employer shall provide each employee with a wage statement itemizing, among other things, the total hours worked by the employee in the pay period. California Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) may recover the greater of his or her actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition to attorneys fees and costs.

46.     Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, Plaintiff and the Class in accordance with Labor Code § 226(a). Such failure caused injury to Plaintiff and the Class members, by, among other things, impeding them from knowing the total hours worked and the amount of wages to

1   which they are and were entitled. Plaintiff and the Class are therefore entitled to the damages and

2   penalties provided for under Labor Code § 226(e). Pursuant to Labor Code section 226(g),

3   Plaintiff and the Class are also entitled to and seek injunctive relief requiring Defendant to

4   comply with Labor Code 226(a).

5

6   **FIFTH CLAIM FOR RELIEF**

7   **(Failure to Provide Rest Breaks and Meal Periods)**

8   47.     Plaintiff alleges and incorporates by reference the allegations in the proceeding

9   paragraphs.

10   48.     California Labor Code section 512 prohibits an employer from employing an

11   employee for a work period of more than five hours per day without providing the employee with

12   a meal period of not less than 30 minutes, or for a work period of more than 10 hours per day

13   without providing the employee with a second meal period of not less than 30 minutes.

14   49.     Section 11 of Wage Order No. 4 provides (and at all times relevant hereto

15   provided) in relevant part that:

16   No employer shall employ any person for a work period of more than five (5) hours

17   without a meal period of not less than 30 minutes, except that when a work period of not

18   more than six (6) hours will complete the day's work the meal period may be waived by

19   mutual consent of the employer and employee. Unless the employee is relieved of all duty

20   during a 30 minute meal period, the meal period shall be considered an "on duty" meal

21   period and counted as time worked. An "on duty" meal period shall be permitted only

22   when the nature of the work prevents an employee from being relieved of all duty and

23   when by written agreement between the parties an on-the-job paid meal period is agreed

24   to. The written agreement shall state that the employee may, in writing, revoke the

25   agreement at any time. If an employer fails to provide an employee a meal period in

26   accordance with the applicable provisions of this Order, the employer shall pay the

27   employee one (1) hour of pay at the employee's regular rate of compensation for each

28   work day that the meal period is not provided.

50.     Section 12 of Wage Order No. 4 provides (and at all times relevant hereto

provided) in relevant part that:

Every employer shall authorize and permit all employees to take rest periods,
which insofar as practicable shall be in the middle of each work period. The
authorized rest period time shall be based on the total hours worked daily at the

-11-

1     rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.
2     However, a rest period need not be authorized for employees whose total daily
3     work time is less than three and one-half (3 ½) hours. Authorized rest period time
4     shall be counted, as hours worked, for which there shall be no deduction from
5     wages. If an employer fails to provide an employee a rest period in accordance
6     with the applicable provisions of this Order, the employer shall pay the employee
7     one (1) hour of pay at the employee's regular rate of compensation for each work
8     day that the rest period is not provided.

9     51.     California Labor Code section 226.7 prohibits any employer from requiring any
10     employee to work during any meal or rest period mandated by an applicable IWC wage order,
11     and provides that an employer that fails to provide an employee with a required rest break or meal
12     period shall pay that employee one additional hour of pay at the employee's regular rate of
13     compensation for each work day that the employer does not provide a compliant meal or rest
14     period.

15     52.     Defendant failed to provide Plaintiff and Class members with meal periods as
16     required by law, and failed to authorize and permit the Plaintiff and Class members to take rest
17     periods as required by law. Plaintiff and the Class members are therefore entitled to payment of
18     the meal and rest period premiums as provided by law.

### SIXTH CLAIM FOR RELIEF

**(Unfair Practice under the Unfair Competition Act)**

19     53.     Plaintiff alleges and incorporates by reference the allegations in the preceding
20     paragraphs.

21     54.     Section 17200 of the California Business and Professions Code — California's
22     Unfair Competition Law — prohibits unfair competition by prohibiting, *inter alia*, any unlawful
23     or unfair business acts or practices. The foregoing conduct by Defendant, as alleged, constitutes
24     unlawful business actions and practices in violation of Section 17200, *et seq.*

25     55.     Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiff and the Class
26     members are entitled to restitution of the overtime earnings and other unpaid wages and
27     premiums alleged herein that Defendant has improperly withheld and retained during a period
28     that commences four years prior to the filing of this action, a permanent injunction requiring

-12-

COLLECTIVE AND CLASS ACTION COMPLAINT

1    Defendant to pay minimum wage and overtime to all workers as defined herein, in California, an

2    award of attorneys' fees pursuant to Code of Civil Procedure section 1021.5 and other applicable

3    law, and costs.

4

5

6    **PRAYER FOR RELIEF**

7    56.    WHEREFORE, Plaintiffs, on behalf of themselves and all members of the

8    Collective Class and Proposed Class, pray for relief as follows:

9    A.    That the Court determine that this action may proceed as a class action

10    under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

11    B.    That Defendant is found to have violated the overtime provisions of the

12    California Labor Code and applicable IWC Wage Order(s) as to Plaintiff

13    and the Class;

14    C.    That Defendant is found to have violated the overtime provisions of the

15    Federal Fair Labor Standards Act as to Plaintiffs and the Collective Class;

16    D.    That Defendant is found to have violated sections 201, 202, and 203 of the

17    California Labor Code for willful failure to pay all compensation owed at

18    the time of separation to Plaintiff and the Class;

19    E.    That Defendant is found to have violated California Labor Code section

20    226 for willful failure to provide accurate itemized wage statements to

21    Plaintiff and the Class;

22    F.    That Defendant is found to have violated the provisions of the California

23    Labor Code and applicable IWC Wage Order(s) regarding meal and rest

24    periods;

25    G.    That Defendant is found to have violated the FLSA by failing to maintain

26    accurate time records of all the hours worked by Plaintiffs and the

27    Collective Class;

28    H.    That Defendant's violations as described above are found to be willful;

-13-

COLLECTIVE AND CLASS ACTION COMPLAINT

I. An award to Plaintiffs and the Collective Class and Class for the amount of unpaid wages owed, including interest thereon, and penalties subject to proof at trial;

J. That Defendants be ordered and enjoined to pay restitution to Plaintiff and the Class due to Defendant's unlawful activities, pursuant to California Business and Professions Code sections 17200, *et seq.*;

K. That Defendants further be enjoined to cease and desist from unlawful activities in violation of California Business and Professions Code sections 17200, *et seq.*;

L. An award of reasonable attorneys' fees and costs pursuant to California Labor Code section 1194, 29 U.S.C. section 216, and/or other applicable law; and

M. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

57. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, individually and on behalf of all others similarly situated, demand a trial by jury.

-14-

COLLECTIVE AND CLASS ACTION COMPLAINT

Dated: July 13, 2006

RUKIN HYLAND & DORIA LLP

By: _____
John Hyland, CA Bar No. 178875
Peter Rukin State Bar No. 178336
100 Pine Street, Suite 725
San Francisco, CA 94111
Telephone (415) 421-1800
Facsimile (415) 421-1700

NICHOLS KASTER & ANDERSON, PLLP
Donald H. Nichols, MN Bar No. 78918
(pro hac vice application forthcoming)
Paul J. Lukas, MN Bar No. 22084X
(pro hac vice application forthcoming)
Rachhana Srey, MN Bar No. 340133
(pro hac vice application forthcoming)
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone (612) 256-3200
Facsimile (612) 215-6870

ATTORNEYS FOR PLAINTIFFS

COLLECTIVE AND CLASS ACTION COMPLAINT

# WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

Elizabeth Diaz

REDACTED



Signature

REDACTED

Mail or Fax to:   Fax: (612) 215-6870
Nichols Kaster Anderson, PLLP (Attn: Michele Fisher)
80 South 8th Street, Suite 4600, Minneapolis, MN 55402
Toll Free Telephone: (877) 448-0492

## WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

Nicole Lynn Faith

REDACTED

REDACTED

Mail or Fax to:  Fax (612) 215-6870
Nichols Kaster Anderson PLLP (Attn: Michele Fisher)
80 South 8ᵗʰ Street, Suite 4600, Minneapolis, MN 55402
Toll Free Telephone: (877) 448-0492.

# WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

**Juan Carlos Gideon**

REDACTED

REDACTED

**Mail or Fax to:**    Fax (612) 215-6870
Nichols Kaster Anderson PLLP (Attn: Michele Fisher)
80 South 8ᵗʰ Street, Suite 4600, Minneapolis, MN 55402
Toll Free Telephone: (877) 448-0492

# WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

**Chris Hughes**

REDACTED

REDACTED



REDACTED

REDACTED

Mail or Fax to:   Fax (612) 215-6870
Nichols Kaster Anderson PLLP (Attn: Michele Fisher)
80 South 8th Street, Suite 4600, Minneapolis, MN 55402
Toll Free Telephone: (877) 448-0492

# WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

**Monika Krueger**

REDACTED

REDACTED

_Signature_

REDACTED

**Mail or Fax to:** Fax (612) 215-6870
Nichols Kaster Anderson PLLP (Attn: Michele Fisher)
80 South 8th Street, Suite 4600, Minneapolis, MN 55402
Toll Free Telephone: (877) 448-0492

# WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws.  During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

Tommy Lau

REDACTED

Signature



REDACTED

Mail or Fax to:      Fax: (612) 215-6870
                     Nichols Kaster Anderson, PLLP (Attn: Michele Fisher)
                     80 South 8ᵗʰ Street, Suite 4600, Minneapolis, MN 55402
                     Toll Free Telephone: (877) 448-0492.

# WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

**Ellaine Lintag**

REDACTED

REDACTED

Mail or Fax to:    Fax (612) 215-6870
Nichols Kaster Anderson PLLP (Attn: Michele Fisher)
80 South 8th Street, Suite 4600, Minneapolis, MN 55402
Toll Free Telephone: (877) 448-0492

# WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

**Adam Mazzaro**

REDACTED



REDACTED

Mail or Fax to:   Fax (612) 215-6870
Nichols Kaster Anderson PLLP (Attn: Michele Fisher)
80 South 8ᵗʰ Street, Suite 4600, Minneapolis, MN 55402
Toll Free Telephone: (877) 448-0492

# WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

Brooke Emery-McGown

REDACTED

I will be really changing my future. McGown.

REDACTED

**Mail or Fax to:**   **Fax (612) 215-6870**
Nichols Kaster Anderson PLLP (Attn: Michele Fisher)
80 South 8th Street, Suite 4600, Minneapolis, MN 55402
Toll Free Telephone: (877) 448-0492.

# WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

**Jonathon McKenna**

REDACTED

REDACTED

Mail or Fax to:   Fax (612) 215-6870
Nichols Kaster Anderson PLLP (Attn: Michele Fisher)
80 South 8th Street, Suite 4600, Minneapolis, MN 55402
Toll Free Telephone: (877) 448-0492

# WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

Ryan D. Mitchell

REDACTED



Signature

REDACTED

Mail or Fax to:    Fax: (612) 215-6870
Nichols Kaster Anderson, PLLP (Attn: Michele Fisher)
80 South 8th Street, Suite 4600, Minneapolis, MN 55402
Toll Free Telephone: (877) 448-0492

# WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

**Orin Moran**

REDACTED



REDACTED

Mail or Fax to:   Fax (612) 215-6870
Nichols Kaster Anderson PLLP (Attn: Michele Fisher)
80 South 8ᵗʰ Street, Suite 4600, Minneapolis, MN 55402
Toll Free Telephone: (877) 448-0492

## WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

**Gavin Morris**



REDACTED

REDACTED

Mail or Fax to:    Fax (612) 215-6870
Nichols Kaster Anderson PLLP (Attn: Michele Fisher)
80 South 8ᵗʰ Street, Suite 4600, Minneapolis, MN 55402
Toll Free Telephone: (877) 448-0492

# WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

Andrew Patton     New Address

REDACTED

_Signature_

REDACTED

**Mail or Fax to:**     Fax (612) 215-6870
Nichols Kaster Anderson PLLP (Attn: Michele Fisher)
80 South 8th Street, Suite 4600, Minneapolis, MN 55402
Toll Free Telephone: (877) 448-0492

## WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

**Anthony Procopio**

REDACTED

REDACTED

Mail or Fax to:   Fax (612) 215-6870
Nichols Kaster Anderson PLLP (Attn: Michele Fisher)
80 South 8th Street, Suite 4600, Minneapolis, MN 55402
Toll Free Telephone: (877) 448-0492



# WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws.   During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

Claudia Salazar

REDACTED

REDACTED

Mail or Fax to:   Fax (612) 215-6870
Nichols Kaster Anderson PLLP (Attn: Michele Fisher)
80 South 8th Street, Suite 4600, Minneapolis, MN 55402
Toll Free Telephone: (877) 448-0492

# WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

Michael Sarmiento

REDACTED



REDACTED

Mail or Fax to:   Fax (612) 215-6870
Nichols Kaster Anderson PLLP (Attn: Michele Fisher)
80 South 8th Street, Suite 4600, Minneapolis, MN 55402
Toll Free Telephone: (877) 448-0492

# WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

Steve R. Simoulis



REDACTED

REDACTED

September

Mail or Fax to:    Fax: (612) 215-6870
Nichols Kaster Anderson, PLLP (Attn: Michele Fisher)
80 South 8ᵗʰ Street, Suite 4600, Minneapolis, MN 55402
Toll Free Telephone: (877) 448-0492

# WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws.  During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

Manuel Sundiman

REDACTED

REDACTED

Mail or Fax to:   Fax (612) 215-6870
Nichols Kaster Anderson PLLP (Attn: Michele Fisher)
80 South 8th Street, Suite 4600, Minneapolis, MN 55402
Toll Free Telephone: (877) 448-0492

# WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

**Jeffrey W. Tennant**

REDACTED



REDACTED

Mail or Fax to:   Fax (612) 215-6870
Nichols Kaster Anderson PLLP (Attn: Michele Fisher)
80 South 8th Street, Suite 4600, Minneapolis, MN 55402
Toll Free Telephone: (877) 448-0492



REDACTED

# WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.



Jose Antonio Valdivia

REDACTED

Signature

REDACTED

Mail or Fax to:   Fax: (612) 215-6870
Nichols Kaster Anderson, PLLP (Attn: Michele Fisher)
80 South 8ᵗʰ Street, Suite 4600, Minneapolis, MN 55402
Toll Free Telephone: (877) 448-0492

# WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

Justin Taylor White

REDACTED

REDACTED

Mail or Fax to:     Fax (612) 215-6870
Nichols Kaster Anderson PLLP (Attn: Michele Fisher)
80 South 8ᵗʰ Street, Suite 4600, Minneapolis, MN 55402
Toll Free Telephone: (877) 448-0492

# WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws.   During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

Mikkel Gregory White

REDACTED



REDACTED

Mail or Fax to:   Fax (612) 215-6870
Nichols Kaster Anderson PLLP (Attn: Michele Fisher)
80 South 8th Street, Suite 4600, Minneapolis, MN 55402
Toll Free Telephone: (877) 448-0492

# WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

**Jonathan J. Whitt**

REDACTED

REDACTED

Mail or Fax to:   **Fax (612) 215-6870**
**Nichols Kaster Anderson PLLP (Attn: Michele Fisher)**
**80 South 8ᵗʰ Street, Suite 4600, Minneapolis, MN 55402**
**Toll Free Telephone: (877) 448-0492**

# WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

Olaf E. Winterton

REDACTED

REDACTED

Mail or Fax to:   Fax (612) 215-6870
Nichols Kaster Anderson PLLP (Attn: Michele Fisher)
80 South 8th Street, Suite 4600, Minneapolis, MN 55402
Toll Free Telephone: (877) 448-0492

# WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

**Tanesha M. Woodall**

REDACTED



REDACTED

Mail or Fax to:   Fax (612) 215-6870
Nichols Kaster Anderson PLLP (Attn: Michele Fisher)
80 South 8th Street, Suite 4600, Minneapolis, MN 55402
Toll Free Telephone: (877) 448-0492

# WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

Richard Gordon Castle

REDACTED



Signature

REDACTED

Mail or Fax to: Fax: (612) 215-6870
Nichols Kaster Anderson, PLLP (Attn: Michele Fisher)
80 South 8th Street, Suite 4600, Minneapolis, MN 55402
Toll Free Telephone: (877) 448-0492



REDACTED

# WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager and assistant manager and was not paid for all hours worked.

Jonathan Shaver

REDACTED

Signature

REDACTED

Mail or Fax to:   Fax (612) 215-6870
                 Nichols Kaster Anderson PLLP (Attn:  Michele Fisher)
                 80 South 8ᵗʰ Street, Suite 4600, Minneapolis, MN 55402
                 Toll Free Telephone: (877) 448-0492

# WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

**Michele Adams**

REDACTED

REDACTED

Signature

REDACTED

Mail or Fax to:    **Fax (612) 215-6870**
Nichols Kaster Anderson PLLP (Attn: Michele Fisher)
80 South 8th Street, Suite 4600, Minneapolis, MN 55402
Toll Free Telephone: (877) 448-0492

# WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

REDACTED

**Toba Adina**

REDACTED

Signature

Mail or Fax to:   Fax (612) 215-6870
Nichols Kaster Anderson PLLP (Attn: Michele Fisher)
80 South 8th Street, Suite 4600, Minneapolis, MN 55402
Toll Free Telephone: (877) 448-0492

# WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws.  During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

**Bashar Amso**

REDACTED

REDACTED

**Mail or Fax to:**     **Fax (612) 215-6870**
Nichols Kaster Anderson PLLP (Attn: Michele Fisher)
80 South 8ᵗʰ Street, Suite 4600, Minneapolis, MN 55402
Toll Free Telephone: (877) 448-0492

# WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

Sara Rose Barone

REDACTED



REDACTED

Signature

Mail or Fax to:   Fax (612) 215-6870
Nichols Kaster Anderson, PLLP (Attn: Michele Fisher)
80 South 8ᵗʰ Street, Suite 4600, Minneapolis, MN 55402
Toll Free Telephone: (877) 448-0492

## WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

Darius Brown



REDACTED

Signature

REDACTED

**Mail or Fax to:** Fax: (612) 215-6870
Nichols Kaster Anderson, PLLP (Attn: Michele Fisher)
80 South 8th Street, Suite 4600, Minneapolis, MN 55402
Toll Free Telephone: (877) 448-0492

# WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

**Salvador Casillas**

REDACTED

REDACTED

Mail or Fax to:   **Fax (612) 215-6870**
**Nichols Kaster Anderson PLLP (Attn: Michele Fisher)**
**80 South 8ᵗʰ Street, Suite 4600, Minneapolis, MN 55402**
**Toll Free Telephone: (877) 448-0492**

# WELLS FARGO FINANCIAL, INC.
# PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

**Millie Collins**

REDACTED

REDACTED

Mail or Fax to:    **Fax (612) 215-6870**
**Nichols Kaster Anderson PLLP (Attn: Michele Fisher)**
**80 South 8th Street, Suite 4600, Minneapolis, MN 55402**
**Toll Free Telephone: (877) 448-0492**