Counsel on next page

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CASTLE and JONATHAN SHAVER, on behalf of themselves and classes of those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO FINANCIAL, INC. d/b/a WELLS FARGO FINANCIAL AND WELLS FARGO FINANCIAL ACCEPTANCE, and DOES 1-50,<br><br>Defendants. | Case No. C064347 SI<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge: Hon. Susan Illston<br><br>Date Action Filed: July 17, 2006 |

**STIPULATED PROTECTIVE ORDER - C064347 SI**

1  PETER RUKIN (STATE BAR NO. 178336)
   JOHN HYLAND (STATE BAR NO. 178875)
2  RUKIN HYLAND & DORIA LLP
   100 Pine Street, Suite 725
3  San Francisco, CA  94111
   Telephone: (415) 421-1800
4  Facsimile: (415) 421-1700

5  DONALD H. NICHOLS (MN State Bar No. 78918)
   (Admitted *pro hac vice*)
6  PAUL J. LUKAS (MN State Bar No. 22084X)
   (Admitted *pro hac vice*)
7  RACHHANA T. SREY (MN State Bar No. 3401433)
   (Admitted *pro hac vice*)
8  NICHOLS KASTER & ANDERSON, PLLP
   4600 IDS Center
9  80 South Eighth Street
   Minneapolis, MN 55402
10 Telephone: (612) 256-3200
   Facsimile: (612) 215-6870
11
   Attorneys for Individual and Representative Plaintiffs
12
   JOAN B. TUCKER FIFE (SBN:144572)
13 email: jfife@winston.com
   WINSTON & STRAWN LLP
14 101 California Street, Suite 300
15 San Francisco, CA 941 11
   Telephone: 415-591-1000
16 Facsimile: 415-591-1400

17 JESSIE A. KOHLER (SBN: 179363)
18 email: jkohler@winston.com
   ERIC E: SUITS (SBN: 232762)
19 email: esuits@winston com
   WINSTON & STRAWN LLP
20 333 South Grand Avenue
   Los Angeles. CA 90071-1543
21 Telephone: (213) 615-1700
22 Facsimile: (213) 615-1750

23 Attorneys for Defendant
   WELLS FARGO FINANCIAL, INC.
24

25

26

27

28

**STIPULATED PROTECTIVE ORDER - C064347 SI**

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal. The parties further acknowledge that nothing in this Stipulated Protective Order shall preclude either party from asserting that a document is of such a confidential or private nature that it should not be produced or that it should only be produced in redacted form, or from seeking a protective order to preclude the production of certain documents.

2. DEFINITIONS

2.1 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F. R. Civ. P. 26(c).

1

**STIPULATED PROTECTIVE ORDER - C064347 SI**

  2.4 "Highly Confidential - Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

  2.5 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

  2.6 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

  2.7 Designating Party: a Party or non-party that designates information or items that it produced in disclosures or in responses to discovery as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

  2.8 Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

  2.9 Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

  2.10 House Counsel: attorneys who are employees of a Party.

  2.11 Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

  2.12 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional, jury or trial consultant retained in connection with this litigation.

  2.13 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

2

**STIPULATED PROTECTIVE ORDER - C064347 SI**

organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level

3

**STIPULATED PROTECTIVE ORDER - C064347 SI**

of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing or modifying the mistaken designation.

   5.2  <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

  Designation in conformity with this Order requires:

   (a)  <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the bottom-right of each page that contains protected material.

  A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") at the bottom-right of each page that contains Protected Material.

   (b)  <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." When it is unpractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the

testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL. - ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and hi compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed inn the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford

6

**STIPULATED PROTECTIVE ORDER - C064347 SI**

the material in question the level of protection to which it is entitled under the Producing Party's designation.

### 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, House Counsel and said Counsel's paralegals, as well as other employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

        (e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

        (f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

        (g)    the author of the document or the original source of the information.

    7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY" only to:

        (a)    'the Receiving Party's Outside Counsel, House Counsel and said Counsel's paralegals, as well as other employees of Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

        (b)    Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

        (c)    the Court and its personnel;

        (d)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

        (e)    the author of the document or the original source of the information.

1    8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
2    OTHER LITIGATION.

3           If a Receiving Party is served with a subpoena or an order issued in other
4    litigation that would compel disclosure of any information or items designated in this action
5    as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL. - ATTORNEYS' EYES ONLY," the
6    Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately
7    and in no event more than three court days after receiving the subpoena or order. Such
8    notification must include a copy of the subpoena or court order.

9           The Receiving Party also must immediately inform in writing the Party who caused
10   the subpoena or order to issue in the other litigation that some or all the material covered by
11   the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party
12   must deliver a copy of this Stipulated Protective Order promptly to the Party in the other
13   action that caused the subpoena or order to issue.

14          The purpose of imposing these duties is to alert the interested parties to the
15   existence of this Protective Order and to afford the Designating Party in this case an
16   opportunity to try to protect its confidentiality interests in the court from which the subpoena
17   or order issued. The Designating Party shall bear the burdens and the expenses of seeking
18   protection in that court of its confidential material - and nothing in these provisions should be
19   construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful
20   directive from another court.

21       9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

22          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
23   Protected Material to any person or in any circumstance not authorized under this Stipulated
24   Protective Order, the Receiving Party must immediately (a) notify in writing the Designating
25   Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the
26   Protected Material, (c) inform the person or persons to whole unauthorized disclosures were

27
28

9

**STIPULATED PROTECTIVE ORDER - C064347 SI**

1    made of all the terms of this Order, and (d) request such person or persons to execute the

2    "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

3         10.    <u>FILING PROTECTED MATERIAL</u>. Without written permission from the

4    Designating Party or a court order secured after appropriate notice to all interested persons, a

5    Party may not file in the public record in this action any Protected Material. A Party that

6    seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

7         11.    <u>FINAL DISPOSITION</u>. Unless otherwise ordered or agreed in writing by the

8    Producing Party, within sixty days after the final termination of this action, each Receiving

9    Party must return all Protected Material to the Producing Party. As used in this subdivision,

10    "all Protected Material" includes all copies, abstracts, compilations, summaries or any other

11    form of reproducing or capturing any of the Protected Material. With permission in writing

12    from the Designating Party, the Receiving Party may destroy some or all of the Protected

13    Material instead of returning it. Whether the Protected Material is returned or destroyed, the

14    Receiving Party must submit a written certification to the Producing Party (and, if not the

15    same person or entity, to the Designating Party) by the sixty day deadline that identifies (by

16    category, where appropriate) all the Protected Material that was returned or destroyed and that

17    affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or

18    other forms of reproducing or capturing any of the Protected Material. Notwithstanding this

19    provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers,

20    transcripts, legal memoranda, correspondence or attorney work product, even if such materials

21    contain Protected Material. Any such archival copies that contain or constitute Protected Material

22    remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

23         12.    <u>MISCELLANEOUS</u>

24         12.1    <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any

25    person to seek its modification by the Court in the fixture.

26         12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this

27    Protective Order no Party waives any right it otherwise would have to object to disclosing or

28

10

**STIPULATED PROTECTIVE ORDER - C064347 SI**

1 producing any information or item on any ground not addressed in this Stipulated Protective Order.
2 Similarly, no Party waives any right to object on any ground to use in evidence of any of the
3 material covered by this Protective Order.
4 IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: January 17, 2007         WINSTON & STRAWN LLP
                                JOAN B. TUCKER FIFE
                                JENNIFER W. GARBER
                                JESSIE A. KOHLER
                                ERIC E. SUITS


                                By:  _____/s/_____
                                     Joan B. Tucker Fife
                                     Attorneys for Defendant
                                     WELLS FARGO FINANCIAL, INC.

Dated: January 17, 2007         NICHOLS KASTER & ANDERSON, LLP
                                DONALD H. NICHOLS
                                PAUL LUKAS
                                RACHHANA SREY
                                BRYAN SCHWARTZ


                                By:  _____/s/_____
                                     Bryan Schwartz
                                     Attorneys for Plaintiffs
                                     RICHARD CASTLE, et al.

                                ORDER

It is hereby ORDERED that this Protective Order is entered in this case in accordance with the above Stipulation of the parties.

Dated: _____, 2007       _____
                                The Honorable Susan Illston
                                United States District Court, Northern District of California

11

## ATTESTATION OF CONCURRENCE

I, Joan B. Tucker Fife, declare under penalty of perjury that concurrence in the filing of this document has been obtained from Bryan Schwartz, attorney for Plaintiffs.

Dated: January 17, 2007

WINSTON & STRAWN LLP
JOAN B. TUCKER FIFE
JENNIFER W. GARBER
JESSIE A. KOHLER
ERIC E. SUITS

By: _____/s/_____
Joan B. Tucker Fife
Attorneys for Defendant
WELLS FARGO FINANCIAL, INC.