IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CASTLE, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>WELLS FARGO FINANCIAL, INC., d/b/a/ WELLS FARGO FINANCIAL AND WELLS FARGO FINANCIAL ACCEPTANCE, and DOES 1-50,<br><br>    Defendants.<br>_____ / | No. C 06-4347 SI<br><br>**ORDER STAYING THIS ACTION WITH THE EXCEPTION OF ALLOWING LIMITED DISCOVERY; DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION TO AMEND AND FOR CERTIFICATION; AND DEFERRING RULING ON DEFENDANTS' MOTION TO COMPEL ARBITRATION** |

On March 2, 2007, the Court held a hearing on defendant's motion to compel arbitration, plaintiffs' motion to amend the complaint, and plaintiffs' motion for conditional class certification under 29 U.S.C. § 216(b). For the reasons set forth below, the Court concludes it is prudent to STAY this action until the California Supreme Court decides *Gentry v. Superior Court* (No. S141502). During the stay, the Court will permit the parties to conduct discovery relevant to class certification. The Court DEFERS ruling on defendant's motion to compel arbitration, and DENIES without prejudice plaintiffs' motions to amend the complaint and for conditional certification under § 216(b).

**BACKGROUND**

On July 17, 2006, plaintiffs filed this case, asserting a wage and hour class and collective action against Wells Fargo Financial, Inc. ("Wells Fargo").[1] Plaintiffs filed a first amended complaint on

---

[1] Wells Fargo asserts that it did not employ the named plaintiffs or any of the individuals who have opted in, but rather that Wells Fargo is the parent of a number of subsidiaries, including the employers of the plaintiffs and the opt-ins.

January 19, 2007, alleging claims under the Fair Labor Standards Act, the California Labor Code, and the California Business and Professions Code. The complaint states that plaintiffs and the putative class members are or were covered, non-exempt employees under federal and state law. FAC ¶ 1. The complaint alleges that Wells Fargo has failed to pay appropriate overtime compensation to each member of the class as required by law. *Id*. ¶ 4.[2] The California plaintiffs additionally allege, *inter alia*, that defendant has denied them meal and rest periods and failed to provide itemized wage statements. FAC ¶ 4.

All of the current named plaintiffs, and many of the individuals who have filed opt-ins, signed arbitration agreements, or "employment agreements" containing arbitration provisions. *See* Louis-Goldford Decl. Ex. A-C. The arbitration agreements state, *inter alia*,

> Any party covered by this Agreement may elect to submit to arbitration any claims, disputes or controversies ("Claims") arising out of or related to your application or candidacy for employment, your employment, or your termination of employment with Employer for which a court otherwise would be authorized by law to grant relief. If any party covered by this Agreement elects arbitration, that election is binding on all parties to this Agreement. . . . This provision applies to the fullest extent permitted by law to all Claims based on legally protected rights (i.e., statutory, contractual or common law rights) that may arise between Employee and Employer . . . including, but not limited to, claims, demands or actions under . . . the Fair Labor Standards Act and all amendments thereto, and any other federal, state or local statute, regulation, or common law doctrine, regarding or related to employment discrimination, terms and conditions of employment or termination of employment.

*Id*. Ex. A at ¶ 1. The arbitration agreements also state that "[t]here shall be no authority for any Claims to be arbitrated as a class action or consolidated with the claims of other persons." *Id*. ¶ 3. The "employment agreements" contain virtually identical language regarding arbitration of claims, and similar language regarding waiving class arbitration. *See id*. at Ex. B ¶ 3 ("You acknowledge and agree that you are waiving any right to have any Claims covered by this Agreement arbitrated as a class action or otherwise handled as a class action under any rules of civil procedure.").

Now before the Court are three motions: (1) defendant's motion to compel arbitration and stay or dismiss this case; (2) plaintiffs' motion to amend the complaint to add additional class

---

[2] The complaint alleges that "Upon information and belief, Defendant knew that Plaintiffs and the Collective Class performed work that required overtime pay. Defendant has operated under a scheme to deprive these employees of appropriate overtime compensation by failing to properly compensate them for all hours worked." FAC ¶ 18.

2

representatives; and (3) plaintiffs' motion for conditional class certification under FLSA, 29 U.S.C. § 216(b), and for an order that defendants produce a complete class list.

## LEGAL STANDARD

Section 4 of the Federal Arbitration Act permits "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States District Court . . . for an order directing that . . . arbitration proceed in the manner provided for in [the arbitration] agreement." 9 U.S.C. § 4. Upon a showing that a party has failed to comply with a valid arbitration agreement, the district court must issue an order compelling arbitration. *See Cohen v. Wedbush, Noble Cooke, Inc.*, 841 F.2d 282, 285 (9th Cir. 1988).

The Supreme Court has stated that the FAA espouses a general policy favoring arbitration agreements. *See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). Federal courts are required to rigorously enforce an agreement to arbitrate. *See id.* In determining whether to issue an order compelling arbitration, the court may not review the merits of the dispute, but must limit its inquiry to (1) whether the contract containing the arbitration agreement evidences a transaction involving interstate commerce, (2) whether there exists a valid agreement to arbitrate, and (3) whether the dispute(s) fall within the scope of the agreement to arbitrate. *See Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 477-78 (9th Cir. 1991), *cert denied*, 503 U.S. 919 (1992). If the answer to each of these queries is affirmative, then the court must order the parties to arbitration in accordance with the terms of their agreement. 9 U.S.C. § 4.

The FAA provides that arbitration agreements generally "shall be valid, irrevocable, and enforceable," but courts may decline to enforce them when grounds "exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Thus, generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening" federal law. *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996). In interpreting the validity and scope of an arbitration agreement, the courts apply state law principles of contract formation and interpretation. *See Wolsey, Ltd. v. Foodmaker, Inc.*, 144 F.3d 1205, 1210 (9th Cir. 1998). Accordingly, the Court reviews plaintiffs' arbitration agreements with Wells Fargo in light of the "liberal federal

3

policy favoring arbitration agreements," *Moses H. Cone*, 460 U.S. at 24, and considers their enforceability according to the laws of the state of contract formation, *see First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *Ingle v. Circuit City Stores*, 328 F.3d 1165, 1170 (9th Cir. 2003).

**DISCUSSION**

**I.    Defendant's motion to compel arbitration**

All of the named plaintiffs and many of the individuals who have opted to participate in this litigation signed arbitration agreements or employment agreements containing arbitration provisions. Defendant moves to compel individual arbitrations for each such plaintiff and signatory opt-in. Plaintiffs argue that the agreements cannot be enforced against the California plaintiffs because the "class action waivers" contained in these agreements are substantively unconscionable and void against public policy under California law.[3]

The Court finds it unnecessary to determine whether the class action waivers are valid under California law because this issue is currently pending before the California Supreme Court in *Gentry v. Superior Court*, *petition for review granted*, 43 Cal. Rptr. 3d 748 (Apr. 26, 2006) (No. S141502).[4] *Gentry* was filed as a class action on behalf of managers who worked at Circuit City and who alleged that they had been denied overtime pay in violation of California law. *See Gentry v. Superior Court*, 37 Cal. Rptr. 3d 790 (2006). As here, the defendant moved to compel arbitration based upon arbitration agreements signed by the plaintiffs, and the plaintiffs opposed arbitration on the ground that class action waivers in those agreements were unconscionable. In its January 19, 2006 decision that is the subject

---

[3] It is unclear whether plaintiffs concede that the arbitration and employment agreements can be enforced against the non-California plaintiffs and opt-ins. According to defendant, at the time the plaintiffs and signatory opt-ins worked as credit managers or assistant managers, they resided and worked in California, Oklahoma, Georgia, Nevada, Idaho, Texas, Alabama, North Carolina, Pennsylvania, West Virginia, Tennessee, and North Dakota. This issue will be addressed after the stay is lifted.

[4] According to the California Supreme Court website, the case has been fully briefed. It does not appear that a date has been set for oral argument. In addition, on February 28, 2007, the California Supreme Court granted a petition for review in *Konig v. U-Haul Company of California* (No. S149883), which also involves the enforceability of a class action waiver provision. The Supreme Court has deferred any further action in *Konig* pending consideration and disposition of *Gentry*. *See generally* http://appellatecases.courtinfo.ca.gov (search page).

of the pending petition in the Supreme Court, the California Court of Appeal held that such waivers were not unconscionable. *See id*. at 793-95. Because California law determines the enforceability of the class action waiver, *see Ingle*, 328 F.3d at 1170, the Court finds it prudent to defer ruling on this issue until after the California Supreme Court issues a decision in *Gentry*.[5]

## II. Plaintiffs' motions to amend the complaint and for conditional certification under 29 U.S.C. § 216(b)

Plaintiffs have cited cases in which courts have conditionally certified classes under § 216(b) even where some class members have arbitration agreements. *See* Pl's Certification Reply at 8-9. In these cases, however, it appears either that the issue of whether the arbitration agreements were valid was decided prior to the certification, *see, e.g.*, *Veliz v. Cintas Corp.*, 2004 WL 2623909 (N.D. Cal. Nov. 2, 2004), or the defendants had not moved to compel arbitration. *See Davis v. NovaStar Mortgage, Inc.*, 408 F. Supp. 2d 811, 818 (W.D. Mo. 2005) (conditionally certifying class under § 216(b) and noting that defendants had not moved to compel arbitration despite the fact that case was pending for over a year). *See also Carter v. Countrywide Credit Indus., Inc.*, 189 F. Supp. 2d 606, 618 (N.D. Tex. 2002) ("If anything, the *Newman* case shows that the issue of whether the named plaintiffs must arbitrate their claims should be decided well before the nationwide notification issue is reached.").

The Court finds that the better course is to first determine the enforceability of the arbitration agreements before addressing the scope and management of the remainder of this litigation. Accordingly, the Court DENIES plaintiff's motions without prejudice to renewal after the stay is lifted.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DEFERS ruling on defendant's motion to compel arbitration (Docket No. 71), DENIES WITHOUT PREJUDICE plaintiffs'

---

[5] As plaintiffs noted at the hearing, the Ninth Circuit has held such a waiver unconscionable under California law. *See Ingle*, 328 F.3d at 1175-76 (discussing split among California Courts of Appeal on issue within consumer context and agreeing with cases striking down waivers). However, *Ingle* was decided without the benefit of on-point authority from the state Supreme Court, and for that reason the Court finds it is the wiser course to defer ruling on the enforceability of the waiver until *Gentry* is decided.

5

motions to amend the complaint and for conditional certification under 29 U.S.C. § 216(b) (Docket Nos. 62 & 68), and STAYS this action until the California Supreme Court issues a decision in *Gentry*. As stated *infra*, during the pendency of the stay, the parties may conduct discovery relevant to class certification.

**IT IS SO ORDERED.**

Dated: March 5, 2007

SUSAN ILLSTON
United States District Judge