IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CASTLE, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>WELLS FARGO FINANCIAL, INC., d/b/a/ WELLS FARGO FINANCIAL AND WELLS FARGO FINANCIAL ACCEPTANCE, and DOES 1-50,<br><br>    Defendants.<br>_____/ | No. C 06-4347 SI<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' RENEWED MOTIONS TO AMEND COMPLAINT AND FOR CERTIFICATION UNDER § 216(b); DENYING WITHOUT PREJUDICE MOTION TO SEVER; ORDER TO SHOW CAUSE WHY MOTION TO EQUITABLY TOLL STATUTE OF LIMITATIONS SHOULD NOT BE GRANTED** |

By order filed March 5, 2007, the Court stayed this action until the California Supreme Court decides *Gentry v. Superior Court*, (S141502). In light of the stay, the Court also deferred ruling on defendants' motion to compel arbitration, and denied without prejudice plaintiffs' motions to amend the complaint and for conditional certification under Section 216(b) of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

Plaintiffs have renewed their motions to amend the complaint and for certification under § 216(b), and have also filed a motion to sever and a motion for equitable tolling. (Docket Nos. 141, 143, 144 & 146). Plaintiffs' motions seek to add named plaintiffs who did not sign arbitration agreements with defendants, to certify those plaintiffs' claims under § 216(b), and to sever their claims from the claims of plaintiffs who did sign arbitration agreements. Plaintiffs also request the Court to equitably toll the FLSA statute of limitations for all putative collective class members from March 2, 2007 until the stay is lifted.

The Court DENIES without prejudice plaintiffs' motion to sever, as well as the renewed motions

to amend the complaint and for conditional certification under § 216(b). (Docket Nos. 141, 144 & 146). The Court finds that the better course for managing this litigation is to wait for the California Supreme Court's decision in *Gentry* because that decision will affect the scope of the putative class.[1] If the Court partially lifts the stay and proceeds with litigation only as to individuals who did not sign arbitration agreements, and the *Gentry* court later holds that class action waivers are unenforceable, the parties are faced with the unwieldy prospect of two FLSA classes proceeding on different tracks.

However, the Court agrees with plaintiffs that the FLSA statute of limitations should be equitably tolled for all putative class members – those who signed arbitration agreements and those who did not – from March 2, 2007[2] until the stay is lifted. The statute of limitations under the FLSA is not tolled for putative class members with the commencement of the action. Instead, the statute of limitations continues to run until putative class members file consent forms. *See* 29 U.S.C. § 256; *see also Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir.), *cert. denied*, *Helton v. K-Mart*, 519 U.S. 987 (1996). Courts have equitably tolled the statute of limitations in a FLSA action when doing so is in the interest of justice. *See*, *e.g.*, *Partlow v. Jewish Orphans' Home of Southern Cal., Inc.*, 645 F.2d 757, 760-61 (9th Cir. 1981) (equitable tolling proper where plaintiffs were without fault and "practical effect of not tolling the statute would be to bar forever any claim" the employees had against defendant), *abrogated on other grounds by Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165 (1989); *see also Beauperthuy v. 24 Hour Fitness USA, Inc.*, 2007 WL 707475 at *8 (N.D. Cal. Mar. 6, 2007) (equitably tolling FLSA statute of limitations because of factors outside plaintiffs' control, including litigation, arbitration and settlement of related action).

Here, the statute of limitations should be equitably tolled to eliminate any prejudice suffered by collective class members as a result of the stay of this litigation. As in *Partlow* and *Beauperthuy*, plaintiffs here are without fault, and equitably tolling the statute of limitations will preserve claims that will otherwise be lost as a result of the stay. Accordingly, the Court is inclined to grant plaintiffs'

---

[1] The Court does not express any view as to the merits of plaintiffs' certification motion.

[2] March 2, 2007 is the date of the hearing on plaintiffs' original motion for § 216(b) certification.

2

motion and equitably toll the statute of limitations for all putative collective class members from March 2, 2007 until the stay is lifted.  If defendants contend that equitable tolling is not appropriate, defendants shall file an opposition no later than **April 20, 2007**, and plaintiffs may file a response no later than **April 27, 2007**.  The Court shall rule on the motion without oral argument.

**IT IS SO ORDERED.**

Dated: April 10, 2007

SUSAN ILLSTON
United States District Judge