IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CASTLE, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>WELLS FARGO FINANCIAL, INC., d/b/a/ WELLS FARGO FINANCIAL AND WELLS FARGO FINANCIAL ACCEPTANCE, and DOES 1-50,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　／ | No. C 06-4347 SI<br><br>**ORDER GRANTING MOTION TO EQUITABLY TOLL STATUTE OF LIMITATIONS** |

By order filed March 5, 2007, the Court stayed this action until the California Supreme Court decides *Gentry v . Superior Court* (S141502). On April 10, 2007, the Court ordered defendant to show cause why plaintiffs' motion to equitably toll the FLSA statute of limitations for all putative class members from March 2, 2007 until the stay is lifted should not be granted. After reviewing the parties' supplemental briefing on this issue, the Court GRANTS plaintiffs' motion to equitably toll the FLSA statute of limitations for all putative class members from March 2, 2007 until the stay in this litigation is lifted.

Where plaintiffs are without fault and there are "substantial policy reasons" for doing so, a court may equitably toll the statute of limitations in a FLSA action. *Partlow v. Jewish Orphans' Home of Southern Cal., Inc.*, 645 F.2d 757, 760-61 (9th Cir. 1981), *abrogated on other grounds by Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165 (1989). Here, there is no dispute that plaintiffs are without fault. In addition, the unusual circumstances of this case weigh in favor of equitable tolling. The Court stayed this litigation in anticipation of the California Supreme Court's decision regarding the validity of

arbitration agreements signed by a sub-portion of plaintiffs and potential class members. Tolling the FLSA statute of limitations will preserve the claims of potential class members who never signed arbitration agreements and whose claims will be unaffected by the *Gentry* decision. The Court finds that the statute of limitations should be equitably tolled to eliminate any prejudice suffered by the collective class members as a result of the stay.[1]

Defendant argues that at a minimum, the statute of limitations should not be tolled for putative class members who have received notice of this case from plaintiffs' counsel and have chosen not to file a consent form. The Court disagrees, and finds that such partial tolling would be needlessly complicated, difficult to administer, and not in the interest of judicial efficiency.

For the aforementioned reasons, the Court GRANTS plaintiffs' motion to equitably toll the FLSA statute of limitations for putative class members from March 2, 2007 until the stay in this litigation is lifted. [Docket No. 143].

**IT IS SO ORDERED.**

Dated: June 29, 2007

SUSAN ILLSTON
United States District Judge

---

[1] Relying on *United States v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986), defendant contends that the Court lacks authority under Article III to toll the FLSA statute of limitations for prospective plaintiffs. The Court is not bound by *Cook* and the Ninth Circuit has not spoken on the issue. Moreover, since *Cook* was decided, other courts have equitably tolled the statute of limitations for putative class members. *See, e.g., Adams v. Inter-Con Security Systems, Inc.,* 2007 1089694, *18 (N.D. Cal. Apr. 6, 2007); *Beauperthuy v. 24 Hour Fitness USA, Inc.,* 2007 WL 707475, *8 (N.D. Cal. Mar. 6, 2007); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 200 (S.D.N.Y. 2006). The sole Ninth Circuit case to which defendant points does not address equitable tolling. *SNEA v. Bryan*, 916 F.2d 1384, 1391 (9th Cir. 1990). Further, *Cook* recognizes that a court could equitably toll the statute of limitations for class members once they opted in to this action. *Cook*, 795 F.2d at 994.

2