IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CASTLE, *et al.*, | No. C 06-4347 SI |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT AND FOR RECONSIDERATION** |
| v. | |
| WELLS FARGO FINANCIAL, INC., *et al.*, | |
| Defendants. | |

Plaintiffs have filed a motion to file a third amended complaint and for reconsideration of the Court's February 20, 2008 order granting in part and denying in part an earlier motion to amend the complaint. The motion is scheduled for a hearing on May 16, 2008. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing.

Plaintiffs renew their motion to amend the complaint to add a new named plaintiff, Veronica Aceves, and expand the putative class to include Ms. Aceves' job position, "loan processors." In the February 20, 2008 order, the Court denied plaintiffs' request to add Ms. Aceves, finding that the request was moot in light of the Court's denial of conditional certification under FLSA. In the present motion, plaintiffs assert that the request to add Ms. Aceves is not moot because plaintiffs still plan to seek class certification under Rule 23.

Defendants oppose plaintiffs' motion on several grounds. Defendants argue that Ms. Aceves cannot be permissively joined because allegations involving loan processors "necessarily involve new conduct, separate from that alleged in the original complaint." Defendants also argue that Wells Fargo treats loan processors differently from credit managers and assistant managers for purposes related to

the claims in this case. Defendants' arguments lack merit. Plaintiffs allege that Ms. Aceves and the putative class of loan processors are subject to the same allegedly flawed timekeeping system as the manager plaintiffs, and that both loan processors and managers are denied meal and rest period premiums. These claims meet the standard for permissive joinder under Rule 20. Defendants' arguments that Wells Fargo treats loan processors differently than managers are misplaced; those arguments do not go to joinder, but rather would be relevant both to defending the claims on the merits, as well as to class certification.

Defendants also contend that they will be unduly prejudiced if plaintiffs are permitted to expand the putative class to include loan processors. Defendants assert that they completed a substantial amount of their investigation of both the FLSA conditional certification and the Rule 23 class certification prior to plaintiffs ever seeking to add the loan processor position. Defendants suggest that if the Court allows plaintiffs to amend the complaint, they will need to do further factual investigation that will require extending the class certification briefing deadlines.

In determining whether to grant leave to amend, "it is the consideration of prejudice to the opposing party that carries the greatest weight. Prejudice is the 'touchstone of the inquiry under rule 15(a).'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (internal citation omitted) (quoting *Lone Star Ladies Inv. Club v. Schlotzky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001)). If the Court is to deny leave to amend on grounds of undue prejudice, the prejudice must be substantial. *See Morongo Band of Mission Indians*, 893 F.2d at 1079; *Serpa v. SBC Telecommunications, Inc.*, 318 F. Supp. 2d 865, 872 (N.D. Cal. 2004). Furthermore, "[t]he party opposing the amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Here, the Court finds that defendants will not be prejudiced by the proposed amendment. Defendants have been on notice since October 2007 that plaintiffs wished to amend the complaint to add loan processors, and indeed opposed the FLSA certification motion – which included the loan processor position – without seeking any extensions of time to conduct any additional investigation. If defendants assert that further investigation or discovery is necessary in order to oppose plaintiffs' Rule 23 motion, the Court strongly encourages the parties to work together and stipulate to a modified class certification briefing schedule if necessary.

Finally, defendant argues that adding loan processors' claims should not relate back to the filing of the initial complaint pursuant to Federal Rule of Civil Procedure 15(c). When a plaintiff seeks to add or change the party plaintiff, the claims of the new party must arise "out of the conduct, transaction, or occurrence set forth . . . in the original pleading." *See* Fed. R. Civ. P. 15(c)(3).[1] If it does, then the amendment adding or changing plaintiffs relates back when: "1) the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff; 2) the relation back does not unfairly prejudice the defendant; and 3) there is an identity of interests between the original and newly proposed plaintiff." *See In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 935 (9th Cir. 1996).

The Court finds all three requirements satisfied by plaintiffs' proposed amended complaint. With regards to notice, defendant is correct that the original complaint did not allege any causes of action by loan processors. However, the complaint alleged general conduct by defendants' store managers who defendant also knew directly supervised loan processors. The fact that plaintiffs now seek to add loan processors to the list of employees who allegedly failed to receive overtime pay due to the same policies and practices should come as no surprise.

As to the second criteria, the Court finds the amended complaint does not prejudice defendants. Aside from defendants' arguments regarding opposing plaintiffs' upcoming motion for class certification, defendants have not identified any prejudice they will suffer. Because the claims of loan processors depend on the same conduct by defendants set forth in the original complaint, defendants will not have to radically change litigation strategy to defend against these additional plaintiffs. *See Serpa*, 318 F. Supp. 2d at 872 (finding the addition of an ERISA claim would not shift defendants' litigation strategy and, therefore, no substantial prejudice existed). Additionally, in light of the earlier stay in this case, the litigation is not so advanced that defendants will not have time to adequately prepare their defenses. *See Morongo Band of Mission Indians*, 893 F.2d at 1079 (affirming lower court's denial of leave to amend where amended complaint added a claim that "would have required defendants to have undertaken, at a late hour, an entirely new course of defense").

---

[1] "Rule 15(c) does not specifically deal with whether amendments adding or changing plaintiffs 'relate back' to the date the original complaint was filed. But the rules regarding adding defendants are applied by analogy." *See* The Rutter Group, *Federal Civil Procedure Before Trial* § 8:483 (2007); *see also* Fed. R. Civ. P. 15, Advisory Committee Notes for the 1966 Amendment to Rule 15.

3

Finally, loan processors and credit managers share an "identity of interest," as evidenced by the fact that loan processors seek to bring the same claims brought by credit managers. *See Besig v. Dolphin Boating and Swimming Club*, 683 F.2d 1271, 1278-79 (9th Cir. 1982) ("Unless the substituted and substituting plaintiffs are so closely related that they in effect are but one, an amended complaint substituting plaintiffs relates back only when the relief sought is sufficiently similar to constitute an identity of interest."). Thus, the Court concludes the amended complaint properly relates back pursuant to Federal Rule of Civil Procedure 15(c).

For the foregoing reasons, the Court GRANTS plaintiffs' motion, and plaintiffs are directed to file the proposed third amended complaint no later than May 19, 2008. (Docket No. 253). The Court will take plaintiffs' proposed tolling order under submission, and shall issue an order on that matter shortly.

**IT IS SO ORDERED.**

Dated: May 15, 2008

SUSAN ILLSTON
United States District Judge