IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELLISSA GABRIELLA, *et al.*, | No. C 06-4347 SI |
| Plaintiffs, | **ORDER RE: EQUITABLE TOLLING** |
| v. | |
| WELLS FARGO FINANCIAL, INC., d/b/a/ WELLS FARGO FINANCIAL AND WELLS FARGO FINANCIAL ACCEPTANCE, and DOES 1-50, | |
| Defendants. / | |

By order filed March 5, 2007, the Court stayed this action until the California Supreme Court decided *Gentry v. Superior Court* (S141502). In light of the stay, the Court denied without prejudice plaintiffs' motions to amend the complaint and for conditional certification under Section 216(b) of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* On June 29, 2007, the Court entered an order equitably tolling the "FLSA statute of limitations . . . to eliminate any prejudice suffered by the collective class as a result of the stay" from March 2, 2007[1] until the stay is lifted. The Court found that under the circumstances, the putative collective class members were without fault for the delay created by the stay, and that "[t]olling the FLSA statute of limitations will preserve the claims of potential class members who never signed arbitration agreements and whose claims will be unaffected by the *Gentry* decision."

---

[1] March 2, 2007 is the date the Court held a hearing on numerous motions in this case, including defendants' motion to stay this action because of the *Gentry* case. The parties agree that under the Court's June 29, 2007 order, the FLSA claims of former collective class members are tolled beginning on the date that they filed their consents to opt in to the collective action or March 2, 2007, whichever is earlier.

After the California Supreme Court issued the *Gentry* decision, the Court lifted the stay and held that tolling shall remain in effect until the hearing on plaintiffs' renewed motion for conditional class certification. On November 2, 2007, the Court held a hearing on plaintiffs' motion for conditional certification, and by order filed February 20, 2008, the Court denied plaintiffs' motion. Between the date of the Court's initial tolling order and the Court's February 20, 2008 order denying conditional certification, plaintiffs filed approximately 66 consents of collective class members to opt in to the FLSA action.

After this Court denied conditional certification of the FLSA class, plaintiffs filed an amended complaint narrowing this case to a proposed Rule 23 class asserting California law claims only. On April 16, 2008, plaintiffs' counsel also filed two cases alleging FLSA claims on behalf of a California collective class of credit managers, senior credit managers, assistant managers and loan processors, one in the Central District of California and one in the Eastern District of California. Plaintiffs' counsel also filed the same action on behalf of Nevada employees in the District of Nevada. *See* Defendants' Request for Judicial Notice, Ex. A-C. All three complaints name plaintiffs who previously filed consents to opt in to the instant action, and in all three complaints, plaintiffs' counsel claims that this Court's tolling order "has preclusive, collateral estoppel effect" for plaintiffs and putative class members in those cases.

Plaintiffs now seek an order providing the following: (1) tolling the FLSA claims of all individuals who opted into this case, beginning on the date they opted in or March 2, 2007, whichever is earlier, and ending 60 days after the date of this order; (2) tolling the California state law overtime claims of all California former putative class members who are/were credit managers and assistant managers, beginning July 17, 2006 and ending 60 days after the date of this order; (3) tolling the California state law overtime claims of all California former putative class members who are/were senior credit managers, beginning January 25, 2007 and ending 60 days after the date of this order; (4) tolling the California state law overtime claims of all California former putative class members who are/were loan processors, beginning on October 1, 2007 and ending 60 days after the date of this order; (5) tolling the FLSA claims of all former putative FLSA collective action members nationwide who are/were credit managers, senior credit managers, and assistant managers who did not file opt-in notices,

2

beginning March 2, 2007 until 60 days after the date of this order; and (6) tolling the FLSA claims of all former putative FLSA collective action members nationwide who are/were loan processors who did not file opt-in notices beginning October 1, 2007 until 60 days after the date of this order.

Defendants raise a number of objections to plaintiffs' proposed order. First, defendants object to tolling the claims of any person who did not opt in to this action. Defendants argue that such a tolling order far exceeds the scope and purpose of the Court's original tolling order, which was intended to preserve the benefits of collective action notice while the case was stayed. However, as plaintiffs note, the Court's previous orders equitably tolled the FLSA statute of limitations for "putative class members," and was not limited to those individuals who opted in to this case. Plaintiffs assert that they relied upon the Court's tolling order, and if the Court had only tolled the statute of limitations for those who filed consent forms plaintiffs would have litigated differently, for example by filing additional suits and seeking certification and notice promptly from another court.

The Court finds that because the previous order equitably tolled the FLSA statute of limitations for all putative class members until the stay was lifted, the order should still apply to all putative class members. However, the Court agrees with defendants that the period of tolling ended on February 20, 2008, the date of the Court's order denying collective certification. On that date, it was clear that the collective action members would no longer be a part of this case. Plaintiffs' request to extend the tolling date to 60 days after the date of this order is unsupported.

The Court also agrees with defendants that there is no basis for plaintiffs' request that the tolling order explicitly toll the California state law overtime claims of all California putative class members. These claims were never addressed in the previous tolling orders. In any event, it appears that this dispute may be moot in light of plaintiffs' third amended complaint, which alleges these claims on behalf of a putative Rule 23 class.[2]

Finally, the Court declines to extend the scope of the tolling order to loan processors, as loan

---

[2] Plaintiffs' previous complaints alleged California state law overtime claims on behalf of a Rule 23 California class. However, in the course of the briefing on defendants' objections to the proposed equitable tolling order, it was unclear whether plaintiffs would continue to assert these claims on behalf of a Rule 23 California class; thus the question of tolling was disputed. Plaintiffs' third amended complaint does assert such claims, mooting the issue.

3

processors were never part of the proposed FLSA collective class. The Court's June 20, 2007 tolling order did not apply to loan processors, and plaintiffs did not seek to add loan processors to this case until October 20, 2007. Plaintiffs have not provided any authority that the Court should equitably toll the statute of limitations for individuals who were never part of the FLSA collective action definition.

Accordingly, the Court confirms that its June 29, 2007 tolls the following claims: (1) the FLSA claims of all individuals who opted into this case, beginning on the date they opted in or March 2, 2007, whichever is earlier, and ending on February 20, 2008; and (2) the FLSA claims of all former putative FLSA collective action members nationwide who are/were credit managers, senior credit managers, and assistant managers who did not file opt-in notices, beginning March 2, 2007 until February 20, 2008.

**IT IS SO ORDERED.**

Dated: June 20, 2008

SUSAN ILLSTON
United States District Judge

4