IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA GABRIELLA, *et al.*, | No. C 06-4347 SI |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |
| v. | |
| WELLS FARGO FINANCIAL, INC., *et al.*, | |
| Defendants. | |

On July 25, 2008, the Court heard argument on plaintiffs' motion for class certification. After consideration of the parties' arguments and papers, the Court hereby DENIES plaintiffs' motion.

## BACKGROUND

Plaintiffs' Third Amended Complaint alleges claims for (1) unpaid overtime under the California Labor Code and California Wage Orders; (2) waiting time penalties under the California Labor Code; (3) failure to provide itemized wage statements under the California Labor Code; (4) failure to provide and/or authorize and permit meal and rest periods under the California Labor Code and California Wage Orders; and (5) violations of California Business and Professions Code § 17200. Plaintiffs seek to represent the following class:

> All employees of Defendants who were, are, or will be employed in the State of California as a credit manager, senior credit manager, assistant manager, or loan processor at any time within four years of the filing of this Complaint until the final disposition of this case, who have claims not covered by a valid arbitration agreement, and who were entitled to but who were not paid a premium for a missed meal or rest period, as required under California law.

TAC ¶ 18.[1]

Plaintiffs allege that class members "routinely were not authorized and permitted and/or provided meal and rest breaks during the Class Period, and not paid premiums required under California law for such missed breaks." *Id*. ¶ 20. The complaint does not allege that defendants have a company policy of not providing meal and rest breaks, and indeed defendants have submitted evidence that Wells Fargo Financial, Inc. ("WFF") has meal and rest period policies. *See* Hender Decl. ¶ 6 ("WFF has a meal period policy requiring all non-exempt California team members to take at least a 30 minute, duty free meal period by the end of their fifth hour of work. Employees working more than 10 hours in any workday must take a second 30 minute duty free meal period within five hours of the end of their last meal period."); *Id*. ¶ 7 ("WFF also has a rest period policy that provides that all non-exempt California team members are entitled to a 15 minute rest period for every four hours worked, or major fraction thereof.").

In support of their motion for class certification, plaintiffs reference 15 putative class member declarations that were filed in connection with prior motions. *See* Docket Nos. 70, 190. Some class members state that they were "required" to work through meal breaks, Beaston Decl. ¶ 6, and that their managers did not "permit" them to take rest breaks, Brown Decl. ¶ 3, while others simply state that they did not take meal or rest breaks. *See* Simoulis Decl. ¶ 6 ("I worked through my lunch or ate at my desk approximately four days a week."); Roberts Decl. ¶ 7 ("I very rarely took a rest period."); Gabriela Decl. ¶ 3 ("I would only take a half hour lunch twice per week. The rest of the week I would either skip lunch altogether or just continue working while I ate at my desk. We rarely ever took breaks."). Plaintiffs have also submitted evidence showing that prior to September 2007,[2] WFF never paid any meal or rest period premiums. *See* Gaydos Depo. at 210-14; Hender Depo. at 199-201. Defendants have submitted numerous declarations from class members stating that they were provided with meal and rest breaks.

---

[1] Plaintiffs state that at this time they do not seek certification under Rule 23 of the overtime claim.

[2] On September 7, 2007, Wells Fargo instituted an "Automatic California Meal/Rest Period Premium Pay" procedure under which non-exempt employees who record that they did not take a meal or rest period are automatically paid meal and rest period premiums in the next paycheck.

**LEGAL STANDARD**

The decision whether to certify a class is committed to the discretion of the district court within the guidelines of Federal Rule of Civil Procedure 23. *See Cummings v. Connell*, 316 F.3d 886, 895 (9th Cir. 2003). A court may certify a class if a plaintiff demonstrates that all of the prerequisites of Rule 23(a) have been met, and that at least one of the requirements of Rule 23(b) have been met. *See* Fed. R. Civ. P. 23; *see also Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). A class may be certified only "if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Gen. Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147, 161, 102 S. Ct. 2364 (1982). The burden is on the plaintiff to establish that the Rule 23(a) and Rule 23(b) requirements have been met. *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001).

Rule 23(a) provides four prerequisites that must be satisfied for class certification: (1) the class must be so numerous that joinder of all members is impracticable; (2) questions of law or fact exist that are common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a). A plaintiff must also establish that one or more of the grounds for maintaining the suit are met under Rule 23(b), including: (1) that there is a risk of substantial prejudice from separate actions; (2) that declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) that common questions of law or fact predominate and the class action is superior to other available methods of adjudication. *See* Fed. R. Civ. P. 23(b).

In determining the propriety of a class action, the question is not whether the plaintiff has stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) (citing *Miller v. Mackey Int'l, Inc.*, 452 F.2d 424, 427 (5th Cir. 1971)). The Court is obliged to accept as true the substantive allegations made in the complaint. *See In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 691 F.2d 1335, 1342 (9th Cir. 1982); *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). However, it "need not blindly rely on conclusory allegations which parrot Rule 23 requirements [and] may . . . consider the legal and factual issues presented by plaintiff's complaints." 2 Herbert Newberg & Alba Conte, *Newberg on Class Actions* § 7.26 (3d ed. 1992); *see also Castano v. Am. Tobacco Co.*, 84 F.3d 734, 744

(5th Cir. 1996).

## DISCUSSION

Plaintiffs contend that the meal and rest period claims present common issues of law and fact because an employer is liable under California law whenever an employee misses a meal or rest period, regardless of the reason the break was not taken. Plaintiffs argue that because the evidence shows that defendants did not pay meal and rest period premiums for a significant portion of the class period, and because plaintiffs allege (and have submitted evidence showing) that they missed meal and rest periods, the overarching common issue is the adequacy of defendants' meal and rest period policy.

Defendants oppose plaintiffs' motion for class certification on numerous grounds. Principally, defendants argue that plaintiffs are incorrect in their interpretation of California law, and that employers are only required to *provide* meal and rest periods, not to ensure that such breaks are actually taken. Although this question has not been decided by the California Supreme Court, on July 22, 2008, the California Court of Appeal, Fourth Appellate District, issued a decision consistent with defendants' view. In *Brinker Restaurant Corporation, et al. v. Superior Court of San Diego County (Hohnbaum)*, Court of Appeal No. D049331, the Court of Appeal vacated a class certification order because the plaintiffs' meal and rest period claims were not susceptible to class treatment. The Court of Appeal held "because the rest and meal breaks need only be 'made available' and not 'ensured,' individual issues predominate and, based upon the evidence presented to the trial court, they are not amenable to class treatment." Decision at 4. The *Brinker* plaintiffs had submitted evidence showing that Brinker used a centralized computer system that could generate reports showing class-wide meal and rest period violations, "detailed" declarations from 33 current and former hourly employees, and statistical and survey evidence that allegedly showed that Brinker prevented its employees from taking meal and rest periods. *Id*. 13-14. The court summarized the class member declarations as follows:

> Some stated that they were denied rest breaks but said nothing about whether they were denied meal breaks, or what time in their shift meal breaks were taken. Others stated they were not provided rest or meal breaks. Some of the declarants stated they were given meal breaks, but were required to take them within the first hour of working and were not given another meal break after working five hours. Some, but not all, stated they were required to work when they were clocked out for lunch or after their shift ended. Some stated they did not "waive" their breaks, but instead were not relieved of

4

work duties so they could take their breaks.

*Id.* at 14.

In the absence of California Supreme Court authority regarding the interpretation of California's meal and rest period requirements, this Court must apply the rule it believes the Supreme Court would adopt. *See Wyler Summit Partnership v. Turner Broadcasting Sys. Inc.*, 135 F.3d 658, 663 (9th Cir. 1998). The Court finds the *Brinker* decision to be a good indication of how the California Supreme Court would resolve the issue.[3] Under *Brinker*, because defendants' liability turns on whether meal and rest periods were made available and the reasons why breaks were missed, individual issues predominate. In order to determine defendants' liability, the parties would be required to litigate each instance of an alleged violation. Plaintiffs do not allege that class-wide policies or practices caused class members to miss meal and rest periods, and the class member declarations, as in *Brinker*, describe a variety of circumstances under which class members missed meal and rest periods. Because the Court concludes that certification is inappropriate on this ground, the Court does not address the parties' other arguments regarding certification, defendants' evidentiary objections, or defendants' objections to the proposed class notice.

## CONCLUSION

Accordingly, for the foregoing reasons the Court DENIES plaintiffs' motion for class certification without prejudice to reconsideration if the California Supreme Court interprets California's meal and rest period requirements differently than the *Brinker* court. (Docket No. 269). The Court GRANTS defendants' Request for Judicial Notice. (Docket No. 275).

**IT IS SO ORDERED.**

Dated: August 4, 2008

SUSAN ILLSTON
United States District Judge

---

[3] Plaintiffs rely heavily on this Court's class certification order in *Otsuka et al. v. Polo Ralph Lauren Corp.*, C 07-2780 SI, which was issued prior to the Court of Appeal's decision in *Brinker*. While the Court expresses no view on the effect of *Brinker* on *Otsuka*, the Court notes that the *Otsuka* plaintiffs allege, *inter alia*, that Polo has policies and practices of affirmatively discouraging employees from taking rest breaks through both understaffing and managerial discouragement.

5