IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA GABRIELLA, *et al*., | No. C 06-4347 SI |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION FOR STAY** |
| v. | |
| WELLS FARGO FINANCIAL, INC., *et al.*, | |
| Defendants. | |

Plaintiffs' motion to stay all further proceedings and for a protective order is scheduled for a hearing on January 30, 2009. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. The case management conference scheduled for 2:30 p.m. on January 30, 2009 remains on calendar. For the reasons set forth below, the Court GRANTS the motion to stay.

Plaintiffs seeks a stay of all further proceedings pending the California Supreme Court's decision in *Brinker Restaurant Corporation v. Superior Court of San Diego County*, 80 Cal. Rptr. 3d 781 (2008), *pet. for review granted* (Oct. 22, 2008). This Court relied on the Court of Appeal's decision in *Brinker* when denying plaintiffs' motion for class certification. Plaintiffs contend that the Supreme Court's resolution of *Brinker* will determine whether there is any possibility that this case can proceed as a class action, and relatedly, the legal standard applicable to an employer's obligation to provide meal and rest breaks. Plaintiffs argue that a stay of proceedings, including all discovery, is prudent because the scope of discovery will depend on the outcome in *Brinker*. Defendants oppose a stay, arguing that "the facts are the facts" and that there is no reason why discovery should be affected by *Brinker*. Defendants also note that briefing has only just begun in *Brinker*, and they assert that they will be prejudiced by a

potentially lengthy stay.

The parties agree that the Court has discretion to stay proceedings pending a resolution in *Brinker*, and that in evaluating the propriety of a stay, the Court should consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The Court finds that these factors weigh in favor of a stay because the Supreme Court's decision in *Brinker* will significantly determine the course of this litigation. If the Supreme Court holds that meal and rest period claims may proceed on a class basis, plaintiffs will seek reconsideration of the Court's order denying class certification. While there may be some discovery that can proceed during the stay, the Court largely agrees with plaintiffs that the *Brinker* decision will affect the scope of discovery. Although defendants assert that "the facts are the facts" regardless of the outcome in *Brinker*, it is true that the parties will seek, and be willing to provide, different discovery depending on the Supreme Court's guidance in *Brinker*. Indeed, according to plaintiffs defendants have objected to certain pending discovery requests on the ground that the discovery sought is irrelevant under *Brinker*. Once the Supreme Court resolves the legal standard governing meal and rest break claims, the parties will be able to engage in focused, efficient discovery.

Accordingly, the Court GRANTS plaintiffs' motion for a stay. (Docket No. 293). At the January 30, 2009 case management conference, the parties should be prepared to discuss whether there is any discovery or other legal activity that can effectively proceed during the pendency of the stay.

**IT IS SO ORDERED.**

Dated: January 26, 2009

SUSAN ILLSTON
United States District Judge

2