Counsel Listed on Next Page

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Mellissa Gabriella, Steve Youmans, and Veronica Aceves, on behalf of themselves and classes of those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Wells Fargo Financial, Inc. and Wells Fargo Financial California, Inc. d/b/a Wells Fargo Financial and Wells Fargo Financial Acceptance, and DOES 1-50,<br><br>Defendants. | **CLASS ACTION**<br><br>**FOURTH AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF**<br><br>**(1) Failure to Provide and/or Authorize Meal and Rest Periods**<br><br>**(2) Waiting Time Penalties (California Labor Code Sections 201-203)**<br><br>**(3) Failure to Provide Itemized Wage Statements (California Labor Code Section 226)**<br><br>**(4) Violation of California Business and Professions Code Sections 17200 et seq.**<br><br>**DEMAND FOR JURY TRIAL** |

1  Peter Rukin (CA State Bar No. 178336)
   John Hyland (CA State Bar No. 178875)
2  RUKIN HYLAND DORIA & TINDALL, LLP
   100 Pine Street, Suite 725
3  San Francisco, CA  94111
   Telephone: (415) 421-1800
4  Facsimile: (415) 421-1700

5  Donald H. Nichols (MN State Bar No. 78918)
   (admitted **pro hac vice**)
6  Paul J. Lukas (MN State Bar No. 22084X)
   (admitted **pro hac vice**)
7  Charles G. Frohman (MN State Bar No. 0386695)
   (admitted **pro hac vice**)
8  NICHOLS KASTER, PLLP
   4600 IDS Center
9  80 S. 8th Street
   Minneapolis, MN 55402
10

11 Attorneys for Individual and Representative Plaintiffs

-2-

FOURTH AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

**PRELIMINARY STATEMENT**

1. This is a class action brought by Individual and Representative Plaintiffs Mellissa Gabriella, Steve Youmans, and Veronica Aceves (collectively "Plaintiffs"), on their own behalf and on behalf of the proposed class identified below. Plaintiffs and the putative class members were or are employed by Defendant Wells Fargo Financial, Inc. and Wells Fargo Financial California, Inc. d/b/a Wells Fargo Financial and Wells Fargo Financial Acceptance, and certain Doe Defendants, or their predecessors-in-interest, as "credit managers," "senior credit managers," "assistant managers," and "loan processors." Plaintiffs are or were covered, non-exempt employees under state wage and hour laws. As credit managers, senior credit managers, assistant managers, and loan processors, Plaintiffs and the putative class members were entitled to meal and rest period premiums consistent with the requirements of these laws. For the purpose of their claims under California law, these employees are similarly situated under the Federal Rules of Civil Procedure 23.

2. The Class is made up of all persons who are or have been employed by Defendants as credit managers, assistant managers, senior credit managers, and loan processors in the State of California within the period four years prior to the filing date of this Complaint ("the Class Period"), relating to their meal and rest period claims and related claims not covered by any valid arbitration agreements.

3. During the Class Period, Defendants failed to pay meal and rest period premiums for meal and rest breaks missed by Plaintiffs and the Class, as required by California law. Plaintiffs seek relief for themselves and the Class pursuant to the applicable provisions of the California Labor Code and applicable Wage Orders of the Industrial Welfare Commission ("IWC"), to remedy the Defendants' failure to pay all wages due, to provide and/or authorize and permit meal and rest periods, to pay waiting time penalties, and maintain accurate time records, in addition to injunctive relief.

## THE PARTIES

4.     Individual and representative Plaintiff Mellissa Gabriella resides in Capitola, California (Santa Cruz County).  She was employed by Defendants as a credit manager from approximately May 25, 2005 to approximately April 28, 2006 in Blossom Hill, CA (Santa Clara County).  Plaintiff Gabriella is a member of the Class and did not sign an arbitration agreement with Defendants.

5.     Individual and representative Plaintiff Steve Youmans resides in Sacramento, California (Sacramento County).  He was employed by Defendants from approximately October 26, 2005 to approximately July 21, 2006 as a credit manager working in Elk Grove and Folsom, California (Sacramento County).  Plaintiff Youmans is a member of the Class and did not sign an arbitration agreement with Defendants.

6.     Individual and representative Plaintiff Veronica Aceves resides in Chula Vista, California (San Diego County).  She was employed by Defendants from approximately April 15, 2005 to approximately February 17, 2007 as a loan processor in El Cajon, California (San Diego County).  Plaintiff Aceves is a member of the Class and did not sign an arbitration agreement with Defendants.

7.     Defendant Wells Fargo Financial, Inc. is incorporated and has its principal executive offices in the State of Iowa.

8.     Defendants Wells Fargo Financial, Inc. and Wells Fargo Financial California, Inc., d/b/a Wells Fargo Financial and Wells Fargo Financial Acceptance, do business in and maintain branches throughout California, including a facility in Santa Clara County, California.

9.     Defendants Does 1-50, inclusive, are sued herein under fictitious names.  Their true names and capacities are unknown to Plaintiffs.  When their true names and capacities are ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities herein.  Plaintiffs are informed and believe and thereon allege that each of the fictitiously-named Defendants is responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiffs and the putative class members herein alleged were proximately caused by such Defendants.

FOURTH AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

10. Plaintiffs are informed, believe, and thereon allege that each of the Defendants herein was, at all times relevant to this action, the agent, employee, representative partner, and/or joint venturer of the remaining Defendants and was acting within the course and scope of the relationship. Defendants had interrelated operations, common management, centralized control of labor relations, and common financial control. Plaintiffs are further informed, believe, and thereon allege that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, as this case is being brought under the Class Action Fairness Act (CAFA), 28 U.S.C. §§1332(d)(2), inasmuch as the amount in controversy exceeds $5,000,000. This Court also has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

12. Venue is proper in the United States District Court, Northern District of California pursuant to 28 U.S.C. § 1391, because Defendants operate facilities in Santa Clara County, California and because a substantial part of the events giving rise to the claims occurred in this district.

13. Pursuant to Civil L.R. 3-2(c) and (d), this action is properly assigned to the Northern District of California because a substantial portion of the events giving rise to this dispute occurred in Santa Clara County, California.

## CLASS ALLEGATIONS

14. Plaintiffs Gabriella, Youmans, and Aceves bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

**Proposed Class:** All employees of Defendants who were, are, or will be employed in the State of California as a credit manager, senior credit manager, assistant manager, or loan processor at any time within four years of the filing of this Complaint until the final disposition of this case, who have claims not covered by a valid arbitration agreement, who were entitled to but who were not paid a premium for a missed meal or

-5-

rest period, as required under California Law.

15. <u>Numerosity</u>: The Proposed Class is so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe, and on that basis allege, that during the relevant time period, Defendants employed hundreds of people who satisfy the definition of the Proposed Class.

16. <u>Typicality</u>: Plaintiffs' claims are typical of the members of the Proposed Class. Like credit managers, senior credit managers, assistant managers, and loan processors across California, Plaintiffs routinely were not authorized and permitted and/or provided meal and rest breaks during the Class Period, and not paid premiums required under California law for such missed breaks. Like all non-exempt branch employees in Defendants' branches statewide, Plaintiffs were subject to Defendants' policy and practice of improperly failing to: provide and/or authorize and permit meal and rest breaks as required under California law; pay appropriate meal/rest period compensation for missed breaks; maintain accurate time records of hours worked by the Proposed Class, as to these breaks; or, to issue accurate itemized wage statements to these individuals' missed breaks.

17. <u>Superiority</u>: A class action is superior to other available methods of the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate Defendant.

18. <u>Adequacy</u>: Plaintiffs will fairly and adequately protect the interests of the Proposed Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

19. <u>Commonality</u>: Common questions of law and fact exist to all members of the Proposed Class and predominate over any questions solely affecting individual members of the Proposed Class, including but not limited to:

    A. Whether Defendants employed Plaintiffs and the Proposed Class within the meaning of the California law;

    B. Whether Defendants' policies and practices adequately provide and/or

|  |  |  |
|---|---|---|
| 1 |  | authorize and permit meal and rest periods in compliance with California |
| 2 |  | law; |
| 3 | C. | Whether Defendants' policies and practices ensure that time records |
| 4 |  | relating to meal and rest breaks are adequately kept; |
| 5 | D. | Whether Plaintiffs and the Proposed Class members who are no longer |
| 6 |  | employed with Defendants are entitled to waiting time penalties pursuant |
| 7 |  | to California Labor Code sections 201-203; |
| 8 | E. | Whether Defendants provided adequate itemized wage statements to |
| 9 |  | Plaintiffs and the Class pursuant to Labor Code section 226, as to the |
| 10 |  | premiums for missed breaks; |
| 11 | F. | Whether Defendants' conduct violated the California Unfair Practices Act |
| 12 |  | set forth in the Business and Professions Code sections 17200 et seq. by |
| 13 |  | violating state law as set forth herein; |
| 14 | G. | The proper measure of damages sustained by the Proposed Class; and |
| 15 | H. | Whether Defendants' actions were "willful." |

20. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

21. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed Class predominate over any questions affecting only individual members of the Proposed Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the Proposed Class meal and rest break premiums to which they are entitled. The damages suffered by the individual Proposed Class members are small compared to the expense and burden of individual prosecution of this

-7-

FOURTH AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

22. Plaintiffs intend to send notice to all members of the Proposed Class to the extent required by Rule 23. The names and address of the Proposed Class are available from Defendants.

## FIRST CLAIM FOR RELIEF

### (Failure to Provide Rest Breaks and Meal Periods)

23. Plaintiffs allege and incorporate by reference the allegations in the proceeding paragraphs.

24. California Labor Code section 512 prohibits an employer from employing an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, or for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

25. Section 11 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

> No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time. If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

26. Section 12 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

> Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time

-8-

shall be counted, as hours worked, for which there shall be no deduction from wages. If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

27. California Labor Code section 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order, and provides that an employer that fails to provide an employee with a required rest break or meal period shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each work day that the employer does not provide a compliant meal or rest period.

28. Defendants failed to provide Plaintiffs and the Class members with meal periods as required by law, and failed to authorize and permit Plaintiffs and the Class members to take rest periods as required by law. Plaintiffs and the Class members are therefore entitled to payment of the meal and rest period premiums as provided by law, but were not paid these premiums by Defendants.

## SECOND CLAIM FOR RELIEF

**(Waiting Time Penalties)**

29. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

30. During the relevant time period, many Class members were employed by and thereafter terminated by or resigned from their positions with Defendants. Defendants, however, willfully failed to pay such Class members all wages owed them (including meal and rest period premiums) within the time limits set forth in California Labor Code sections 201 and 202.

31. Under Labor Code sections 201, 202, and 203, those Class members who no longer work for Defendants are entitled to waiting time penalties for Defendants willful failure to timely pay all wages owed upon separation of their employment.

## THIRD CLAIM FOR RELIEF

**(Failure to Provide Accurate Itemized Wage Statements)**

32. Plaintiffs allege and incorporate by reference the allegations in the preceding

-9-

paragraphs.

33. California Labor Code § 226(a) provides that, at the time of each payment of wages, an employer shall provide each employee with a wage statement itemizing, among other things, the total hours worked by the employee in the pay period. California Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) may recover the greater of his or her actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition to attorneys fees and costs.

34. Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, inter alia, hours worked, to Plaintiffs and the Class members in accordance with Labor Code § 226(a). Such failure caused injury to named California Plaintiffs and the Class members, by, among other things, impeding them from knowing the total hours worked and the amount of wages to which they are and were entitled. Named California Plaintiffs and the Class are therefore entitled to the damages and penalties provided for under Labor Code § 226(e). Pursuant to Labor Code section 226(g), Plaintiff and the Class are also entitled to and seek injunctive relief requiring Defendants to comply with Labor Code 226(a).

## FOURTH CLAIM FOR RELIEF

### (Unfair Practice under the Unfair Competition Act)

35. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

36. Section 17200 of the California Business and Professions Code — California's Unfair Competition Law — prohibits unfair competition by prohibiting, inter alia, any unlawful or unfair business acts or practices. The foregoing conduct by Defendants, as alleged, constitutes unlawful business actions and practices in violation of Section 17200, et seq.

37. Pursuant to Business and Professions Code § 17200 et seq., named California Plaintiffs and the Class members are entitled to restitution of the unpaid wages and premiums alleged herein that Defendants have improperly withheld and retained during a period that

commences four years prior to the filing of this action, a permanent injunction requiring Defendants to pay meal and rest period premiums to all workers as defined herein, an award of attorneys' fees pursuant to Code of Civil Procedure section 1021.5 and other applicable law, and costs.

## **PRAYER FOR RELIEF**

38.   WHEREFORE, Plaintiffs, on behalf of themselves and all members of the Proposed Class, pray for relief as follows:

A.   That the Court determine that this action may proceed as a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

B.   That Defendants are found to have violated sections 201, 202, and 203 of the California Labor Code for willful failure to pay all compensation owed at the time of separation to named Plaintiffs and the Class;

C.   That Defendants are found to have violated California Labor Code section 226 for willful failure to provide accurate itemized wage statements to named California Plaintiffs and the Class;

D.   That Defendants are found to have violated the provisions of the California Labor Code and applicable IWC Wage Order(s) regarding meal and rest periods;

E.   That Defendants' violations as described above are found to be willful;

F.   An award to Plaintiffs and the Class for the amount of unpaid wages owed, including interest thereon, and penalties subject to proof at trial;

G.   That Defendants be ordered and enjoined to pay restitution to named California Plaintiffs and the Class due to Defendants' unlawful activities, pursuant to California Business and Professions Code sections 17200, *et seq.*;

H.   That Defendants further be enjoined to cease and desist from unlawful activities in violation of California Business and Professions Code sections 17200, *et seq.*;

I. An award of reasonable attorneys' fees and costs pursuant to California Labor Code section 218.5, 1194; and/or other applicable law; and

J. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

39. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, individually and on behalf of all others similarly situated, demand a trial by jury.

Dated: January 26, 2010   s/ Charles G. Frohman

Charles G. Frohman, MN State Bar No. 0386695
(admitted **pro hac vice**)
Donald H. Nichols, MN State Bar No. 78918
(admitted **pro hac vice**)
Paul J. Lukas, MN State Bar No. 22084X
(admitted **pro hac vice**)
NICHOLS KASTER, PLLP
4600 IDS Center
80 S. 8th Street
Minneapolis, MN 55402

Peter Rukin, CA State Bar No. 178336
John Hyland, CA State Bar No. 178875
RUKIN HYLAND DORIA & TINDALL, LLP
100 Pine Street, Suite 725
San Francisco, CA 94111
Telephone: (415) 421-1800
Facsimile: (415) 421-1700

**ATTORNEYS FOR PLAINTIFFS**

FOURTH AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

# **CERTIFICATE OF SERVICE**

Melissa Gabriella, et al. v. Wells Fargo & Company d/b/a Wells Fargo Financial, et al., 06-04347 (SI)

I hereby certify that on January 26, 2010, I caused the following document(s):

**Fourth Amended Complaint For Damages, Restitution And Injunctive Relief**

to be served via ECF and U.S. Mail postage prepaid to the following:

Joan B. Tucker Fife,
101 California Street
San Francisco, CA  94111-5802
jfife@winston.com

Emilie Woodhead
Eric E. Suits
Winston & Strawn LLP
333 South Grand Ave
Los Angeles, CA  90071-1543
ewoodhead@winston.com
esuits@winston.com

Dated:  January 26, 2010            NICHOLS KASTER, PLLP


s/ Brittany Bachman
Brittany Bachman
Legal Assistant to Charles G. Frohman
NICHOLS KASTER, PLLP
4600 IDS Center
80 S. 8th Street
Minneapolis, MN 55402

ATTORNEYS FOR PLAINTIFFS AND
THE PUTATIVE CLASS

FOURTH AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF