JOAN B. TUCKER FIFE (SBN: 144572)
email: jfife@winston.com
WINSTON & STRAWN LLP
101 California Street, Suite 3900
San Francisco, CA 94111
Telephone: 415-591-1000
Facsimile: 415-591-1400

EMILIE C. WOODHEAD (SBN: 240464)
email: ewoodhead@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750

Attorneys for Defendants
WELLS FARGO FINANCIAL, INC. and
WELLS FARGO FINANCIAL CALIFORNIA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MELLISSA GABRIELLA, STEVE YOUMANS, and VERONICA ACEVES, on behalf of themselves and classes of those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO FINANCIAL, INC. and WELLS FARGO FINANCIAL CALIFORNIA, INC. d/b/a WELLS FARGO FINANCIAL and WELLS FARGO FINANCIAL ACCEPTANCE, and DOES 1-50,<br><br>Defendants. | **Case No. CV06-04347 SI**<br><br>**ANSWER OF DEFENDANTS WELLS FARGO FINANCIAL, INC. AND WELLS FARGO FINANCIAL CALIFORNIA, INC. TO PLAINTIFFS' FOURTH AMENDED COMPLAINT** |

Defendants Wells Fargo Financial, Inc. and Wells Fargo Financial California, Inc. (named in the Complaint as Wells Fargo Financial, Inc. and Wells Fargo Financial California, Inc., d/b/a Wells Fargo Financial and Wells Fargo Financial Acceptance) ("Defendants"), in response to Plaintiffs Mellissa Gabriella, Steve Youmans, and Veronica Aceves's (collectively, "Plaintiffs") Fourth Amended Complaint ("Complaint"), admit, deny and allege as follows:

**PRELIMINARY STATEMENT**

1. Defendants admit that Plaintiffs purport to bring a class action on behalf of the putative class members defined in Paragraph 1 of the Complaint. Defendants deny any and all allegations in Paragraph 1 of the Complaint not expressly admitted.

2. Defendants admit that Plaintiffs purport to bring a class action on behalf of the putative class members defined in Paragraph 2 of the Complaint. Defendants deny any and all allegations in Paragraph 2 of the Complaint not expressly admitted.

3. Defendants admit that Plaintiffs purport to bring these actions on behalf of a putative class and seek the relief set forth in Paragraph 3. Defendants deny any and all allegations in Paragraph 3 of the Complaint not expressly admitted.

**THE PARTIES**

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that "Individual and representative Plaintiff Mellissa Gabriella resides in Boulder Creek, California (Santa Cruz County)." Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that "Plaintiff Gabriella is a member of the Class and did not sign an arbitration agreement with Defendants." Defendants deny any and all allegations in Paragraph 4 of the Complaint not expressly admitted.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that "Individual and representative Plaintiff Steve Youmans resides in Sacramento, California (Sacramento, California)." Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that "Plaintiff Youmans is a member of the Class and did not sign an arbitration agreement with Defendants." Defendants deny any and all allegations in Paragraph 5 of the Complaint not expressly admitted.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that "Individual and representative Plaintiff Veronica Aceves resides in Chula Vista, California (San Diego County)." Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that "Plaintiff Aceves is a member of the Class and did not sign an arbitration agreement with Defendants." Defendants deny any and all allegations in Paragraph 6 of the Complaint not expressly admitted.

7. Defendants admit that Wells Fargo Financial, Inc. is incorporated. Defendants deny any and all allegations in Paragraph 7 of the Complaint not expressly admitted.

8. Defendants admit that Wells Fargo Financial, Inc. and Wells Fargo Financial California, Inc. do business in California. Defendants deny any and all allegations in Paragraph 8 of the Complaint not expressly admitted.

9. To the extent Paragraph 9 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 9 of the Complaint not expressly admitted. There are no "Doe" Defendants in federal court.

10. To the extent Paragraph 10 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 10 of the Complaint not expressly admitted.

**JURISDICTION AND VENUE**

11. Defendants admit that this Court has subject matter jurisdiction over actions brought under the CAFA, 28 U.S.C. §§ 1332(d)(2). Defendants deny any and all allegations in Paragraph 11 of the Complaint not expressly admitted.

12. Defendants deny that they operate facilities in Santa Clara County, California. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that "a substantial part of the events giving rise to the claims occurred in this district [Santa Clara County, California]." Defendants deny any and all allegations in Paragraph 12 of the Complaint not expressly admitted.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that "a substantial portion of the events giving rise to this dispute occurred in Santa

Clara County, California." Defendants deny any and all allegations in Paragraph 13 of the Complaint not expressly admitted.

## CLASS ALLEGATIONS

14. Defendants admit that Plaintiffs purport to bring a class action on behalf of the putative class defined in Paragraph 14 of the Complaint. Defendants deny any and all allegations in Paragraph 18 of the Complaint not expressly admitted.

15. Defendants deny the allegations in Paragraph 15 of the Complaint.

16. Defendants deny the allegations in Paragraph 16 of the Complaint.

17. To the extent Paragraph 17 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 17 of the Complaint not expressly admitted.

18. To the extent Paragraph 18 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 18 of the Complaint not expressly admitted.

19. To the extent Paragraph 19 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 19 of the Complaint not expressly admitted.

20. To the extent Paragraph 20 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 20 of the Complaint not expressly admitted.

21. To the extent Paragraph 21 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 21 of the Complaint not expressly admitted.

22. Defendants lacks knowledge and information sufficient to form a belief as to the truth of Plaintiffs' allegations in Paragraph 22, and on that basis, deny them.

## FIRST CLAIM FOR RELIEF

23. In answering the allegations of Paragraph 23 of the Complaint, Defendants restates and incorporates by reference its responses to Paragraphs 1-22.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

24. To the extent Paragraph 24 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 24 of the Complaint not expressly admitted.

25. To the extent Paragraph 25 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 25 of the Complaint not expressly admitted.

26. To the extent Paragraph 26 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 26 of the Complaint not expressly admitted.

27. To the extent Paragraph 27 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 27 of the Complaint not expressly admitted.

28. To the extent Paragraph 28 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 28 of the Complaint not expressly admitted.

## SECOND CLAIM FOR RELIEF

29. In answering the allegations of Paragraph 29 of the Complaint, Defendants restates and incorporates by reference its responses to Paragraphs 1-28.

30. To the extent Paragraph 30 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 30 of the Complaint not expressly admitted.

31. To the extent Paragraph 31 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 31 of the Complaint not expressly admitted.

## THIRD CLAIM FOR RELIEF

32. In answering the allegations of Paragraph 32 of the Complaint, Defendants restates and incorporates by reference its responses to Paragraphs 1-31.

33. To the extent Paragraph 33 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 33 of the Complaint not expressly admitted.

34. To the extent Paragraph 34 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 34 of the Complaint not expressly admitted.

## FOURTH CLAIM FOR RELIEF

35. In answering the allegations of Paragraph 35 of the Complaint, Defendants restates and incorporates by reference its responses to Paragraphs 1-34.

36. To the extent Paragraph 36 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 36 of the Complaint not expressly admitted.

37. To the extent Paragraph 37 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 37 of the Complaint not expressly admitted.

## PLAINTIFFS' PRAYER FOR RELIEF

38. Defendants deny that Plaintiffs are entitled to any of the requested forms of relief on any basis whatsoever. Any allegation in Plaintiffs' Fourth Amended Complaint not specifically admitted above is denied.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

39. Defendants admit that Plaintiffs demand a trial by jury. To the extent Paragraph 39 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 39 of the Complaint not expressly admitted.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure To State A Cause Of Action)**

1. The Complaint, and each cause of action alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

## SECOND AFFIRMATIVE DEFENSE

### (Waiver)

2. The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

3. The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

4. The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5. Plaintiffs are barred from maintaining the Complaint and each purported cause of action alleged therein as a result of their unclean hands with respect to the events upon which the Complaint and purported claims for relief allegedly are based.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

6. Plaintiffs' claims are barred, in whole or in part, by operation of applicable statutes of limitations including, but not limited to, California Code of Civil Procedure § 338, California Code of Civil Procedure § 340, California Business and Professions Code § 17208, and California Labor Code § 203.

## SEVENTH AFFIRMATIVE DEFENSE

### (Section 203 Claims Barred After Filing of Complaint)

7. Plaintiffs' claims on behalf of the putative class under California Labor Code § 203 are barred as of the filing of the original Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

### (Contribution by Plaintiff's Own Acts)

8. If the injuries and/or damages alleged in the Complaint occurred, such injuries were proximately caused by and/or were contributed to by Plaintiffs' own acts or failures to act.

### NINTH AFFIRMATIVE DEFENSE

### (Failure to State Facts Warranting Class Certification)

9. Plaintiffs' allegations that this action should be certified as a class action are barred by Plaintiffs' failure to allege facts sufficient to warrant class certification.

### TENTH AFFIRMATIVE DEFENSE

### (No Enforcement Duty for Meal and Rest Periods)

10. Plaintiffs' Complaint, and each purported cause of action alleged therein, is barred to the extent it seeks redress for meal and rest period violations on the ground that Defendants do not have an enforcement duty with respect to these breaks.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Authorize and Permit Meal and Rest Periods)

11. Plaintiffs' Complaint, and each purported cause of action alleged therein, is barred to the extent it seeks redress for meal and rest period violations on the ground that Defendants authorized and permitted Plaintiffs to take these breaks.

### TWELFTH AFFIRMATIVE DEFENSE

### (Conduct Not Willful)

12. Plaintiffs' claims for waiting time penalties are barred insofar as Defendants' conduct at the time of employees' termination of employment, as alleged in the Complaint, was not willful.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Conduct Not Knowing or Intentional)

13. Plaintiffs' claims for penalties for purportedly providing employees with inaccurate statements of wages earned and deductions taken are barred insofar as Defendants' conduct, as alleged in the Complaint, was neither knowing nor intentional.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Willfulness)

14. Defendants' actions or omissions were not willful within the meaning of applicable law.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (In Pari Delicto)

15. The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of in pari delicto.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (De Minimis)

16. Plaintiffs' claims are barred in whole or in part because the amount of time for which they seek compensation is de minimis. *IBP v. Alvarez*, 126 S.Ct. 514 (2005).

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

17. Plaintiffs' claims are barred in whole or in part by accord and satisfaction.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Release)

18. The claims of some putative class action class members are barred, in whole or in part, because, in exchange for a good and valuable consideration, they released Defendants from all liability to them for the claims alleged in the Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

19. Defendants hereby give notice that they intend to rely upon such other and further affirmative defenses as may become available during discovery in this action and reserve the right to amend their answer to assert any such defenses.

WHEREFORE, Defendants pray for judgment as follows:

1. That all relief requested in the Complaint be denied;

2. That Plaintiffs take nothing by virtue of this action;

3. For costs of suit and attorneys' fees incurred herein (including but not limited to attorneys' fees pursuant to Labor Code § 218.5); and

4. For such other and further relief as the Court may deem just and proper.

Dated: February 12, 2010

WINSTON & STRAWN LLP
JOAN B. TUCKER FIFE
EMILIE C. WOODHEAD


By: _____/s/_____
           Joan B. Tucker Fife
Attorneys for Defendants
WELLS FARGO FINANCIAL, INC. and WELLS FARGO FINANCIAL CALIFORNIA, INC